337 So.2d 262 (1976)
Willie C. HARRIS, Plaintiff-Appellant,
v.
SEABOARD FIRE & MARINE INSURANCE COMPANY and Kast Metals Corporation, Mid-Continent Steel Casting Division, Defendants-Appellees.
No. 12966.
Court of Appeal of Louisiana, Second Circuit.
August 31, 1976.
Rehearing Denied September 27, 1976.[*]
Writ Refused December 3, 1976.
Booth, Lockard, Jack, Pleasant & LeSage by James E. Bolin, Jr., Shreveport, for plaintiff-appellant.
Blanchard, Walker, O'Quin & Roberts by Jerald L. Perlman, Shreveport, for defendants-appellees.
Before HALL, MARVIN and JONES, JJ.
En Banc. Rehearing Denied September 27, 1976.[*]
HALL, Judge.
This is a workmen's compensation suit which was dismissed by the trial court on an exception of prescription. The plaintiff *263 appealed, contending that his injury developed less than one year prior to his filing suit and that the suit was timely filed.
Plaintiff's petition alleges that (1) in mid-March, 1974, he experienced an on-the-job accidental injury to the upper left posterior and lateral regions of his body and the cervical area of his spine; (2) he received medical attention but was able to return to full duties about mid-May, 1974; (3) on or about September 2, 1974, he experienced an on-the-job accidental injury which aggravated the prior injury; (4) he was unable to work thereafter until December 16, 1974, during which time he received medical treatment, including hospitalization and surgery; (5) he returned to full duties during mid-December, 1974, and continued such until August 8, 1975, at which time, because of the injuries caused by the two accidents, he was no longer able to pursue the duties of his job.
This suit was filed December 9, 1975, within two years but more than one year after either accident, and about four months after plaintiff left his job.
The resolution of the exception of prescription is governed by LSA-R.S. 23:1209 which, while providing a general prescriptive period of one year from the date of the accident, contains the following proviso:
"Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."
Plaintiff argues that the injury did not develop and prescription against his suit for total and permanent disability benefits did not commence to run until the injury caused him to permanently be unable to perform his duties and to permanently cease working. Defendants argue that the injury in this case developed immediately or almost immediately after the accident in that the injury was physically manifest at that time, was diagnosed, required hospitalization and surgery, and required plaintiff to cease work for an extended period of time.
Plaintiff relies on cases holding that an injury does not develop and prescription does not commence to run in a suit for total and permanent disability benefits until the injury causes the workman to no longer be able to perform the duties of his occupation and causes a discontinuance of the workman's employment. Russell v. Employers Mutual Liability Insurance Company of Wisconsin, 246 La. 1012, 169 So.2d 82 (1964); Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522 (1956); Johnson v. Cabot Carbon Company, 227 La. 941, 81 So.2d 2 (1955); Mottet v. Libbey Owen Ford Glass Company, 220 La. 653, 57 So.2d 218 (1952); Hobley v. Phoenix of Hartford Insurance Company, 233 So.2d 589 (La.App. 4th Cir. 1970); Fontenot v. Great American Indemnity Company, 127 So.2d 822 (La.App. 3d Cir. 1961); and Brewster v. City of Shreveport, 108 So.2d 801 (La.App. 2d Cir. 1959). See also Malone, Louisiana Workmen's Compensation, Section 384, pages 207 and 208, pocket part.
Defendants attempt to distinguish the cited cases on their facts and particularly call the court's attention to the fact that in the instant case the discontinuance of plaintiff's employment on August 8, 1975, was the second time he ceased to work. Defendants argue that plaintiff was unable to perform the duties of his job and ceased to work immediately after the accident for a period of three months and that prescription should commence to run from that time.
The suggested distinction between the cited cases and the instant case is not valid. The cited cases are closely in point and the interpretation of the statute established in those cases is controlling here. In a workmen's compensation suit for disability benefits, the disabling injury does not fully develop until the workman cannot perform his duties and the prescriptive period does not commence to run until discontinuance *264 of employment, subject to the requirement that suit be filed within two years after the date of the accident. In a suit for total and permanent disability benefits the disabling injury does not develop until the workman becomes finally unable to perform his duties and the prescriptive period does not commence to run until the workman's employment is finally discontinued. If the workman is temporarily unable to perform his duties or temporarily ceases working, the prescriptive period does not commence.
In several of the cited cases the plaintiff workman ceased working after the accident, resumed working, and finally left work when he could no longer continue to perform his duties because of the disabling injury. In Russell, plaintiff sustained burns on August 3, 1960. He was subsequently treated by physicians until September 12, 1960, when he returned to work. He continued to work until July 19, 1962, when he was compelled to stop working because he could no longer perform his duties. Suit was filed July 30, 1962. The Supreme Court ruled, after finding the disability to be causally related to the accident, that prescription had not run. The court interpreted the prior cases to mean that ".. the disabling injury does not fully develop until the workman cannot perform his duties and that the prescription provided by R.S. 23:1209 does not commence to run until the discontinuance of employment, so long as suit is filed within two years of the date of the accident." (Emphasis supplied). In Fontenot, the plaintiff was injured on August 14, 1958; was hospitalized for a period of six weeks; returned to work approximately three months after the accident; was reinjured on May 18, 1959, resulting in treatment and a reduction of his heavy manual labor; returned to work September 5, 1959, and discontinued performing manual labor October 2, 1959. Suit was filed May 10, 1960. An exception of prescription was overruled, the court holding that prescription did not begin to run until the plaintiff finally left his employment after he was reinjured. In Brewster, the employee continued to work at "irregular intervals" for over two months after his injury. The court held that the date on which the employee ceased working was the beginning of the prescriptive period of one year.
Under the allegations of the plaintiff's petition in the instant case, his disabling injury did not develop within the meaning of LSA-R.S. 23:1209 until it caused him to no longer be able to perform his duties and to cease work on August 8, 1975. Prescription did not commence to run until that date and the suit was filed approximately four months later, well within the one year prescriptive period.
For the reasons assigned, the judgment of the district court sustaining defendants' exception of prescription is reversed, and the exception of prescription is overruled. The case is remanded to the district court for further proceedings in accordance with law and with the views expressed in this opinion. The cost of appeal is assessed to the defendants-appellees.
Reversed and remanded.
NOTES
[*] Bolin, J., recused.