JONES, Judge.
Plaintiff appeals from a judgment rejecting her demands for workmen’s compensation benefits against Sunbeam Corporation. We affirm.
Plaintiff had been employed for several years prior to February, 1972 at Sunbeam’s plant in Coushatta, in a factory which manufactures household electric clothing irons. Plaintiff’s suit states in February, 1972, while working on an assembly line, she injured her back lifting a container of trichlo-roethylene (trichlor). She further claims she continued to have back pain following this incident and reinjured her back on May 10, 1973, forcing her to quit her job because of the pain.
Plaintiff’s physician, Dr. Richard E. Hanna, testified plaintiff reported to his office on February 7, 1972, complaining of back pain and advised him she had injured her back while lifting a can of trichlor while working at Sunbeam. He examined plaintiff, found she had muscle spasms in her back and prescribed a muscle relaxant drug for the treatment of the injury, along with an ultrasonic sound treatment. Plaintiff returned to his office on February 8 for the ultrasonic treatment. Dr. Hanna did not see plaintiff again for her back complaint until May 14, 1973.
Plaintiff testified at the time of her injury in February, 1972 she told a co-worker, Mrs. Mabel Brunner, she had injured her back. Plaintiff also testified she reported this injury to her supervisor on the following day. Plaintiff continued to work after her injury until May 10, 1973, apparently without any absences whatsoever. She stated she endured almost continuous back discomfort which became much more severe when she was required to bend over her work bench or lift the container of trichlor to fill her iron manufacturing machine, which she was required to do several times a day. Plaintiff further testified that in May, 1973, while untieing her shoes at home, her back pain became so severe she fell to the floor.
Plaintiff told her supervisor of this incident at work the next day. Although the exact date of this incident cannot be found in the record, plaintiff testified she continued to work for a number of days following this occurrence, until the morning of May 10, 1973, when her back pain became so severe it was necessary for her to go home. She was never able to return to work:
“So, one day at work I had stood the pain just about as long as I could. ... I was just going to have to go home, that I couldn’t stand it any longer. . . .”
Following this final termination of her employment she was seen again by Dr. Hanna, who referred her to Dr. Donald F. Overdyke, Jr., an orthopedic surgeon. Dr. Overdyke examined her on May 18, 1973, and diagnosed plaintiff’s injury as a lumbar *447 strain superimposed on a developmental defect promoting some lumbosacral instability. Dr. Overdyke expressed the opinion that had he performed a pre-employment physical upon plaintiff he would not have permitted her to go to work for defendant. He likened her to “. . .an accident walking around [waiting] to happen. . . ”
Dr. Overdyke expressed the opinion plaintiff was totally and permanently disabled, feeling it was a situation which had been developing for sixteen to eighteen months:
“ * * * I think this situation had been working for sixteen to eighteen months. . After the first injury by her history, which is what I have to go by. It just went on and on and on until she got down to where she couldn’t go anymore.”
Dr. Overdyke explained plaintiff’s back had a developmental defect, one that occurred during a period of growth, as distinguished from a congenital defect, one that is present from birth. It is apparent from his testimony that plaintiff, age 51, had this back defect long before the injury of February, 1972.
Although plaintiff stated she had informed her supervisor of her February accident, along with Mrs. Mabel Brunner and several other co-workers, they all denied this at trial and further testified they were otherwise unaware that plaintiff sustained an on-the-job back injury. The supervisor and one co-worker did admit plaintiff told them of the incident occurring shortly before May 10, 1973, when the back pain became so acute she fell to the floor at home.
The trial court pointed out a compensation claimant must prove her claim by a preponderance of the evidence, as must any other plaintiff, and observed the absolute failure of plaintiff’s co-workers or supervisor to corroborate her testimony with regard to an on-the-job injury. The trial court then rejected plaintiff’s claim because of her failure to meet the required burden of proof. We are unable to find manifest error in the trial judge’s decision.
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. . . .”
Canter v. Koehring Company, 283 So.2d 716 (La.1973), at p. 724.
After plaintiff’s appeal was taken and the record lodged in this court, defendant filed a plea of prescription and peremption. Assuming plaintiff established a compensa-ble injury occurring in February, 1972, the question then evolves as to whether her suit filed on May 8, 1974 was timely filed. LSA-R.S. 23:1209 provides a general prescriptive period of one year from the date of the accident, but also contains the following proviso:
“ * * * Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
In our recent decision of Harris v. Seaboard Fire & Marine Insurance Company, 337 So.2d 262 (La.App., 2d Cir. 1976) we discussed this provision of the compensation law and there said:
" * * * In a workmen’s compensation suit for disability benefits, the disabling injury. does not fully develop until the workman cannot perform his duties and the prescriptive period does not commence to run until discontinuance of employment, subject to the requirement that suit be filed within two years after the date of the accident. . . .” Id. p. 263
See also Russell v. Employers Mutual Liability Insurance Company of Wisconsin, 246 La. 1012, 169 So.2d 82 (1964); Ancor v. Belden Concrete Products, Inc., 260 La. 372, 256 So.2d 122 (1971).
*448 Plaintiff is totally and permanently disabled within the contemplation of the Louisiana Workmen’s Compensation statute. This disability was established to have “developed” on May 10, 1973, at which time plaintiff’s injury became so painful she was required to permanently discontinue her employment.
Although plaintiff states in her petition she sustained an accidental injury on May 10, 1973, at the time she discontinued her employment, the record is absolutely devoid of any evidence of such an accident. The plaintiff testified at the time she left work permanently she did so simply because she could no longer stand the pain.
It is likewise significant that in answer to the employer’s interrogatories requesting detailed information concerning the alleged accident of May 10, 1973, plaintiff responded:
“It wasn’t an accident; the work was such that I couldn’t do it as I was hurting and in pain.”
The incident occurring in plaintiff’s home about May 10, 1973 cannot be considered a compensable accident. She was suffering intense pain following her day’s work, which increased in severity while plaintiff was untieing her shoes, and caused her to fall on the floor.
“Yesterday, when I got home I was so tired and my back was hurting so bad whenever I stopped over to untie my shoes to take them off, I just hit the floor.”
This incident was nothing more than a bending activity which increased the severity of plaintiff’s pain just as her work activity of lifting the can of trichlor and leaning across her work bench had daily increased the severity of her pain since the alleged initial accident in February, 1972. Although her suit was filed May 8, 1974, less than one year from the time of the development of her injury, suit was not filed within two years from the alleged occurrence of the accident in February, 1972, and is therefore perempted under the provisions of LSA-R.S. 23:1209.
For the foregoing reasons, we affirm the decision of the trial court, appellant to pay all costs of this appeal.