FORET, Judge.
This is a workmen’s compensation suit. Plaintiff, Earl Meche, filed suit against his former employer, Gulf Coast Pre-Mix Trucking, Inc., to recover compensation benefits for total and permanent disability.
Prior to the trial, defendant filed an exception of prescription contending that plaintiff’s action had prescribed. The trial court overruled the plea of prescription.
Following a trial, the trial court, finding plaintiff to be temporarily, totally disabled, awarded judgment in plaintiff’s favor.. Defendant was ordered to pay compensation at the rate of $65.00 per week for a period not to exceed 300 weeks since the date of the accident. Defendant brings this appeal from the court’s ruling. Plaintiff has not appealed nor answered this appeal.
The record shows that plaintiff was employed by Gulf Coast Pre-Mix Trucking, Inc. as a truck driver. On February 20, 1975, plaintiff stated that he experienced a sharp pain in his back when he attempted to connect a 4-inch hose to his assigned truck. Plaintiff continued working but due to the increase in pain, he sought medical advice four days after the injury to his back.
Plaintiff was examined first by a Dr. Curtis. Dr. Curtis, finding no objective evidence of pain, advised plaintiff to return to work. Plaintiff testified that after having returned to work for approximately a month, the pain increased to such an extent that he was unable to drive a truck. At his request, plaintiff was assigned a position as a mud-mixer which required him to pump mud into the mud trucks. Plaintiff testified that his back continued to hurt in the mud department so he was assigned duty in the body shop.
Plaintiff’s employment was terminated by defendant in July, 1976. According to plaintiff, he was fired because he could no longer perform his duties. After being fired, plaintiff remained unemployed for approximately eight months, until he was hired by Land Offshore Services as a roustabout pusher. After working for Land Offshore for approximately three months, plaintiff testified that he quit because he could not do the work with his back condition. Plaintiff then- began working for Bufford Slaughter House as a meat cutter. This job lasted for approximately seven months. At the time of the trial, plaintiff was working as a bartender.
Defendant contends the trial court erred in rejecting its plea of prescription. Defendant also contends the trial court erred in finding plaintiff temporarily, totally disabled.
PRESCRIPTION
LSA-R.S. 23:1209 provides:
“In cáse of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
The trial court found as fact that plaintiff suffered a work-related accident on February 20, 1975. Plaintiff instituted the suit on February 14, 1977, after one year but within two years of the accident. Thus, the issue is whether suit was instituted within a year of the development of the disabling injury.
*79 In Burleigh v. Argonaut Ins. Co., 347 So.2d 13 (La.App. 3 Cir. 1977), writ denied, 349 So.2d 1267 (La.1977), we quoted with approval from Harris v. Seaboard Fire & Marine Insurance Company, 337 So.2d 262 (La.App. 2 Cir. 1976), writ refused, 339 So.2d 853 (La.1976), as follows:
“In a workmen’s compensation suit for disability benefits, the disabling injury does not fully develop until the workman cannot perform his duties and the prescriptive period does not commence to run until discontinuance of employment, subject to the requirement that suit be filed within two years after the date of the accident.”
See also Russell v. Employers Mutual Liability Insurance Co. of Wisconsin, 246 La. 1012, 169 So.2d 82 (1964).
Likewise, if an employee cannot perform work, whether it be of the same or similar character, or any type of gainful employment, without experiencing substantial pain, he is “totally disabled” within the meaning of LSA-R.S. 23:1221. Phillips v. Dresser Engineering Co., 351 So.2d 304 (La.App. 3 Cir. 1977); Rachal v. Highlands Insurance Co., 355 So.2d 1355 (La.App. 3 Cir. 1978).
In the instant action, the trial court found that plaintiff suffered a work-related accident injuring his back on February 20, 1975. Plaintiff’s employment with defendant was terminated in July, 1976. Plaintiff testified that he was fired because he could not perform his duties due to the pain which resulted from his injury. The trial court, finding that the injury did not develop until the date of plaintiff’s termination, accepted plaintiff’s testimony as to the reason for his termination. Under the rationale of Russell, supra, the prescriptive period did not commence until the claimant’s employment was finally discontinued in July, .1976. Since plaintiff’s action was filed within one year of July, 1976, and within two years of the accident, his action was not prescribed. See Bolden v. Georgia Cas. & Sur. Co., 363 So.2d 419 (La.1978).
DISABILITY
Defendant also contends that the trial judge erred in finding plaintiff temporarily, totally disabled. The accident happened on February 20, 1975; therefore, the issue is whether plaintiff is totally disabled within the meaning of the Workmen’s Compensation Act prior to the 1975 amendments.
Compensation disability is based on a medical disability sustained as a result of an accident occurring in the • course and scope of employment. LSA-R.S. 23:1031. The trial court found that plaintiff was suffering from a disability as a result of a work-related accident. The record amply supports such a finding.
The trial court found plaintiff to be totally and temporarily disabled. Under the Workmen’s Compensation Act prior to the 1975 amendment, a claimant was totally disabled if the disability produced total inability to do work of any reasonable character. LSA-R.S. 23:1221(1)(a) (Acts 25, 1968 Ex.Sess.).
The jurisprudence interpreted this statutory language rather broadly. In Futrell v. Hartford Accident & Indemnity Company, 276 So.2d 271 (La.1973), the court stated that a skilled employee is deemed totally disabled when he is unable to perform work of the same or similar description to that which he performed before the accident.
In this case, at the time of the accident, plaintiff was a bulk truck driver, an occupation requiring the use of skills other than manual labor. After his accident, plaintiff testified that his back pain increased to such an extent that he could no longer drive a truck. After being fired by defendant, plaintiff was employed as a roustabout pusher. He testified that he quit after three months because he could not perform the strenuous labor required of him. Plaintiff then worked as a meat cutter for seven months. The work required the occasional performance of strenuous activities. Plaintiff stated that he quit because he could not do the work.
Dr. McCutchen, a neurologist, testified that plaintiff is suffering from a post-trau *80 matic discopathy, a disc disorder. Dr. McCutchen held the opinion- that plaintiff is unable to return to his previous employment as a truck driver because of the condition.
The testimony of Dr. McCutchen and plaintiff support a finding that plaintiff is unable to engage in the same or similar employment that he was performing prior to his accident. Under the . rationale of Futrell, supra, plaintiff is totally disabled.
Dr. McCutchen stated that plaintiff’s condition might improve with surgery. Since plaintiff’s condition might improve at a later date, the trial court did not err in finding plaintiff temporarily, totally disabled.
Defendant, additionally, contends that the trial court erred in awarding compensation benefits at the rate of $65.00 per week without allowing a credit for the wages being earned at the time of the trial.
At the time of the trial, plaintiff was employed at the Tropical Lounge as a bartender. Appellant cites no law which entitles it to a credit for wages paid claimant by another employer. Defendant’s contention that it is entitled to a credit for wages received by plaintiff at the time of the trial is without merit.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
Costs of this appeal are assessed against defendant-appellant, Gulf Coast Pre-Mix Trucking, Inc.

AFFIRMED.