380 So.2d 178 (1979)
John B. BARKER
v.
AETNA CASUALTY & SURETY COMPANY et al.
No. 12995.
Court of Appeal of Louisiana, First Circuit.
December 27, 1979.
Rehearing Denied February 20, 1980.
Writ Refused April 18, 1980.
Arthur Cobb, Baton Rouge, counsel for plaintiff-appellant, John B. Barker.
James E. Moore, Baton Rouge, counsel for defendants Aetna Ins. Co. and Vignes-Bombet Co., Inc.
Before COVINGTON, LOTTINGER and COLE, JJ.
COLE, Judge.
The trial court dismissed this workmen's compensation suit finding that defendant's peremptory exception raising the objection of prescription was valid. The issue is whether, under the facts of this case, the "development of injury rule" set forth in La.R.S. 23:1209 is applicable.
In written reasons for judgment, the trial court held:
"Plaintiff, Mr. Barker, was injured at his place of employment on July 20, 1977. He was seen by Dr. McMains on that date and restricted to two weeks bed rest. Mr. Barker returned to his place of employment on July 25, 1977, at which time he was fired. Defendants paid no compensation benefits and suit was filed on July 25, 1978.

. . . . .
"Plaintiff contends that he did not discontinue employment until July 25, 1977, *179 when he was notified of his termination, and therefore, under the `development of injury rule' his claim has not prescribed. Nevertheless, the evidence indicates that plaintiff was unable to perform his duties as of the date of the accident, July 20, 1977. The `development of injury' set forth in La.R.S. 23:1209 is inapplicable in this case. Therefore, plaintiff's claim, filed on July 25, 1978, was filed more than a year after the injury and has prescribed."
We affirm.
La.R.S. 23:1209 provides generally that in case of injury a claim for payment of benefits shall be barred unless within one year after the accident suit is filed. A claim specifically excluded from the one year limitation is one "where the injury does not result at the time of, or develop immediately after the accident." In that instance, "the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."
The "development of injury rule," premised in R.S. 23:1209, is jurisprudentially interpretated by Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522 (1956), and by Bolden v. Georgia Cas. & Sur. Co., 363 So.2d 419 (La.1978). As stated in Wallace, supra, at p. 526:
Development, as applied to a compensable injury, signifies something more than occurrence and pain. It connotes the time when disability to perform work becomes manifest either to the injured employee or his employer.
As explained in Bolden, supra, at p. 422:
The underlying rationale of the Wallace rule is that an employee who becomes disabled after the prescriptive year (but within two years after the accident) will not be penalized by the loss of his compensation rights, unless he fails to bring suit to enforce them within one year after it is manifest, rather than conjectural, that he has a compensable claim.
The trial court made the factual determination that plaintiff was unable to perform his duties as of the date of the accident, July 20, 1977. This disability to perform his duties was immediately manifest to the plaintiff. Also, it was manifest, rather than conjectural, that plaintiff had a compensable claim as of that time. The evidence establishes he sustained a single traumatic event, suffered immediate pain, displayed objective signs of injury, sought and obtained medical evaluation, and was advised to remain in bed for two weeks, all on July 20, 1977. Plaintiff testified he did not feel he could perform his work immediately following the accident, nor could he perform nor did he intend to perform his duties five days later when he was fired. He stated he suffered continuous disability for at least four weeks after the accident. His testimony is corroborated by the medical reports of his attending physician.
As pointed out by the defendant, this is not a situation where an employee becomes disabled as the result of successive traumatic incidents on the job without being able to attribute his disability to a single event; or where a relatively minor trauma did not cause immediate pain but pain slowly developed to the point of disability; or, where an employee is injured and sustains pain but continues to work believing he can perform his duties, only to subsequently find the injury has developed to a state of disability. These are proper situations for the application of the rule allowing prescription to take effect at the expiration of "one year from the time the injury develops." Such late manifestations should properly trigger the running of prescription. The computation of prescription as of the discontinuance of employment, as contended for by plaintiff, is not proper in this instance since plaintiff did not work after injury and thereafter reach a state of disability which caused the termination of his employment. The inability to work and a claim for weekly benefits both became manifest to plaintiff on the same day he was injured.
The case of Harris v. Seaboard Fire & Marine Ins. Company, 337 So.2d 262 (La. *180 App.2d Cir. 1976), cited by plaintiff in support of his contention that prescription should run from the discontinuance of his employment, is factually inapposite to the present case. In Harris, the plaintiff was injured in March 1974; resumed work in May 1974; sustained an aggravating injury in September 1974; and, returned to work again in December 1974. He continued working until August 8, 1975, at which time his injuries prevented further work. His suit was filed four months later. The court held plaintiff's disabling injury did not develop within the meaning of La.R.S. 23:1209 until it caused him to no longer be able to perform his duties and to cease work on August 8, 1975. We understand this to mean the court found the termination of employment was caused by the injury. Allowing prescription to run from that time does not change the fact it was also on that date plaintiff became unable to perform his duties. This is not true in the instant case. Here, the termination of plaintiff's employment was not because he became unable to perform his duties on that date. His disability occurred several days earlier and persisted for several weeks thereafter.
For the foregoing reasons the decision of the trial court is affirmed. The plaintiff is cast for all costs of this appeal.
AFFIRMED.