KLIEBERT, Judge.
Percy Rosemond brought this action against Agrico Chemical Company of Delaware (hereafter Agrico) for workmen’s compensation benefits arising out of a fall on March 3, 1978,[1] sustained while working in the course and scope of his employment. The suit was filed on March 11, 1980. By way of an affirmative defense, defendant, citing LSA-R.S. 23:1209, plead prescription of one year in his answer.
After a partial trial on the merits, the district court dismissed the plaintiff’s suit.[2]
The pertinent provision of the workmen’s compensation statute is LSA-R.S. 23:1209 which provides as follows:
“In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of partial disability this limitation shall not take effect until three years from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.”
The first sentence of the statute bars suits for compensation benefit payments unless the parties have within one year of the accident or death of the employee agreed upon the compensation payments to be made or within one year of the accident the suit for payment of benefits has been filed. The next sentence provides an exception to this rule, i.e., where payments have been made the limitation against the filing of the claim for payments does not take effect until the expiration of one year from the time of making the last payment.
Clearly in this case, the claim was not filed within one year of the date of the accident. Further, the application of the two or three year limitation as the time period within which the claim can be filed are not present here and are not urged by the appellant.- Hence, the issue narrows itself to whether under the second sentence of the statute as above quoted there was an interruption or suspension of the one year limitation for filing of the claim. The plaintiff-appellant contends that since the suit was filed on March 11, 1980 and his employment was not terminated until March 15, 1979, the suit was timely.
Plaintiff’s contentions are based on a letter dated 2/28/79 sent to Rosemond by Agrico’s Manager of Industrial Relations which provided as follows:
“You were scheduled to work 7 a. m. to 7 p. m. shift on Monday, February 26 and 7 p. m. to 7 a. m. on Tuesday, February 27. Monday night at approximately midnight, you told your supervisor that you did not feel that you could do the job and you were hurting and were going home. You did not call nor contact the plant on Tuesday, nor did you report to work on Tuesday night at 7 p. m.
Based upon this circumstance, we have concluded that you intended to resign your position when you left the plant *547 Monday night. Unless we hear from you immediately, we will process your termination as a resignation. In any event, this letter is to inform you that you are being placed on leave without pay until such time as the matter is resolved, but in no event later than March 15, 1979.”
When Rosemond failed to respond to the letter of February 28,1979, Agrico proceeded with the termination of the employment as though Rosemond had voluntarily resigned when he left the plant on February 26, 1979. Therefore, the last wages earned by Rosemond for which he was paid were earned on February 16, 1979.
When both sides had rested their case, except for a possible introduction of medical testimony by deposition, the trial judge pointed out to plaintiff’s counsel that in his view plaintiff’s claim was barred unless plaintiff could show that the wages were paid to him in lieu of compensation benefits. On appeal, plaintiff points to the case of Meche v. Gulf Coast Pre-Mix Trucking, Inc., 383 So.2d 77 (La.App. 3rd Cir. 1980) and contends the case fully supports his position. Although the law in that case supports the position that wages paid in lieu of compensation suspends the time limitations for filing the compensation claim, the facts of this case do not support the position that the wages earned and paid to the plaintiff were paid in lieu of compensation benefits. In order for the payment of wages to be considered as extending the time for the filing of the suit, those wages must have been paid under circumstances which show plaintiff would have been entitled to weekly compensation benefits except for the fact he was earning wages. Here the plaintiff testified that his back as well as his ankle was hurt in the March 3, 1978 accident and that he earned wages while working in pain. However, his testimony is not supported by the record. Doctor Schex-nayder and three employees of Agrico all testified that at the time of the injury plaintiff did not report any injury to his back.
Additionally, although Rosemond now contends that when his leg got caught he was standing on a railing and he fell four or five feet to a cement floor striking his upper back and neck, he previously reported to Agrico’s employees that he was sitting on the railing and when he went to get up his foot slipped and got caught causing injury to his ankle. He never reported a fall or injury to the back.
Also, in January of 1979, plaintiff in response to specific inquiries as to the reasons for his absenteeism, denied that the back pain which he contended was the basis for his absenteeism was work related. It is clear from this record, therefore, that the only injury sustained by the plaintiff on March 3rd, 1978 was a sprained ankle and that injury completely cleared within a few days. At no time were the wages paid to plaintiff after the March 3, 1978 accident earned while working in pain for injuries sustained in the March 3rd, 1978 accident. We hold, therefore, that any claim plaintiff may have had for weekly compensation benefits was barred one year from the date of the accident. Since the accident occurred on March 3, 1978 and the suit was not filed until March 11, 1980 the claim had been extinguished for more than a year at the time of its filing. Accordingly, the judgment of the trial court is affirmed, all costs to be paid by the appellant.
AFFIRMED.

. The petition stated the fall was on April 20, 1978, but it has been stipulated by counsel that it occurred March 3, 1978.

. The trial judge took the issue of prescription under advisement. If he did not uphold the plea of prescription, the case would be left open for the submission of medical testimony by depositions. He rendered judgment dismissing plaintiffs suit with prejudice without giving written reasons. We assume the dismissal was based on the plea of prescription.