422 So.2d 1363 (1982)
David J. PUGLISI
v.
SAIA MOTOR FREIGHT LINES, and Transport Insurance Company.
No. 82 CA 0023.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
Joseph G. Kopfler, Houma, for plaintiff and appellee.
James L. Donovan, Metairie, for defendant and appellant.
*1364 Before PONDER, SAVOIE and ELLIS, JJ.
SAVOIE, Judge.
This is an appeal of a workmen's compensation award to plaintiff-appellant.
Appellant asserts the trial court erred in: (1) overruling defendant's plea of prescription, (2) awarding workmen's compensation benefits to appellee for 450 weeks, and (3) awarding an expert witness fee of $350.00. In answer to this appeal, appellee has requested additional attorney's fees and damages for frivolous appeal.
We remand this matter to the trial court for a proper determination of workmen's compensation due and affirm the trial court in all other respects.
Plaintiff-appellee filed suit alleging appellant refused to pay workmen's compensation benefits for an injury allegedly sustained on June 26, 1979, while employed by appellant. Appellee alleges he hurt his back while unloading heavy rolls of linoleum. Referred to the company physician, Dr. Allen Ellender, for an examination, appellee was informed his pain was caused by a congenital defect. Due to continual pain, appellee subsequently consulted an orthopedic surgeon over one year after the date of his injury. Appellee's pain was diagnosed as resulting from the congenital defect triggered by a traumatic event. Appellee made demand upon appellant for workmen's compensation benefits on March 18, 1981, and filed suit on April 2, 1981.
We agree the issue of prescription was not properly before the trial court, such issue being pled only in brief and orally at trial. However, appellant subsequently filed a written motion pleading prescription. Therefore, we must now address that issue.
L.S.A.-R.S. 23:1209 states:
"... Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."
The "development of injury rule", premised in L.S.A.-R.S. 23:1209, has been jurisprudentially interpreted by Bolden v. Georgia Casualty and Surety Company, 363 So.2d 419 (La.1978); and Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522 (1956), rehearing denied, March 26, 1956. Barker v. Aetna Casualty & Surety Company, 380 So.2d 178 (La.App. 1st Cir.1979), writ denied, 383 So.2d 25 (La.1980).
Our Supreme Court in Wallace, supra, at p. 526, stated:
"Development, as applied to a compensable injury, signifies something more than occurrence and pain. It connotes the time when disability to perform work becomes manifest either to the injured employee or his employer." Barker, supra.
And as explained in Bolden, supra, at p. 422, the Court stated:
"The underlying rationale of the Wallace rule is that an employee who becomes disabled after the prescriptive year (but within two years after the accident) will not be penalized by the loss of his compensation rights, unless he fails to bring suit to enforce them within one year after it is manifest, rather than conjectural, that he has a compensable claim." (Emphasis added). Barker, supra.
Under our Supreme Court's rationale in the aforementioned cases, a two-prong test has been established. First, the plaintiff must show when the injury was manifest. Second, a compensable claim must be manifest rather than conjectural. The issue here is whether it was manifest rather than conjectural that appellee had a compensable claim. The record is clear and uncontested as to both prongs of the test.
Appellee's injury was manifest when informed by Dr. Ellender he would be unable to lift heavy objects as required by his job. This was substantiated when appellee was informed by appellant that he was fired for such inability to lift heavy objects. Thus, appellee has met the test's first prong.
*1365 When informed by the company physician that his injury was congenital, not traumatic, appellee was not on notice of a compensable claim. Only after learning that his injury was traumatically caused, was a compensable claim manifest to appellee. Thus, the tolling of prescription should run from that date (i.e. December, 1980). Therefore, appellee's claim has not prescribed.
It is well settled in Louisiana that the trial court has much discretion in determining the amount and length of workmen's compensation benefits to be awarded. Bourgeois v. South Central Bell Telephone Company, 407 So.2d 1245 (La.App. 4th Cir. 1981); Campbell v. Baker, Culpepper & Brunson, 382 So.2d 1046 (La.App. 2nd Cir. 1980), writ denied, 385 So.2d 793 (La.1980). However, the trial court incorrectly computed appellee's award.
L.S.A.-R.S. 23:1221(3) states:
"For injury producing partial disability of the employee to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience, sixty-six and two-thirds per centum of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earns in any week thereafter in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured ...." (Emphasis added).
The record reflects appellee continued employment at odd jobs from the time of his injury until commencement of trial. Failing to consider those wages, the trial court erroneously computed the benefits due appellee. This issue is remanded to the trial court for a proper determination of compensation due appellee based upon L.S.A.-R.S. 23:1221(3).
The trial court's award of expert witness fees should not be reversed unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
As to appellee's answer, we hold that in light of our ruling herein, the appeal was not frivolous. Additionally, we find the attorney's fees awarded by the trial court are adequate. Therefore, no additional increase is warranted.
For the foregoing reasons, this matter is remanded to the trial court for a proper determination of workmen's compensation due under L.S.A.-R.S. 23:1221(3). In all other respects, judgment of the trial court is affirmed. Costs of this appeal are to be borne by appellant.
AFFIRMED IN PART AND REMANDED IN PART.