STOKER, Judge.
The plaintiff appeals the judgment of the trial court dismissing his claim for worker’s compensation and statutory penalties and' attorney’s fees against the defendants, Triple-V Farms (Triple-V) and M.A. Patout and Sons, Inc. (Patout). The trial court sustained the exceptions of prescription filed by the defendants and granted summary judgment in defendants’ favor as to the issue of the plaintiff’s status as an independent contractor. The plaintiff has assigned as the sole error in this appeal the trial court’s finding that his claim had prescribed under LSA-R.S. 23:1209.
INDEPENDENT CONTRACTOR ISSUE ABANDONED
Plaintiff has not assigned as error the trial court’s determination that he was an independent contractor and therefore excluded from coverage under LSA-R.S. 23:1021(6). The issue of plaintiff’s status as an independent contractor is accordingly deemed abandoned pursuant to Uniform Rules, Courts of Appeal, Rule 2-12.4, and is not before this Court for review. State v. Opelousas Charity Bingo, Inc., 462 So.2d 1380 (La.App. 3d Cir.1985) and Prudhomme v. Nationwide Mutual Insurance Company, 465 So.2d 141 (La.App. 3d Cir. 1985), writ denied, 467 So.2d 1132 (La.1985). We affirm the judgment of the trial court.
ISSUE OF PRESCRIPTION
In October of 1982 the plaintiff began hauling sugarcane from Triple-V to Patout’s mill in Iberia Parish. The plaintiff drove his own tractor, but rented a trailer from Triple-V to haul the cane. Plaintiff intended to haul cane until Patout’s mill closed at the end of December. On November 11, 1982 the plaintiff was involved in an intersectional collision while on his way back to Triple-V to pick up another load of cane. He recounted that after the accident he experienced lower back pain and was taken to a local hospital for examination and treatment. Plaintiff continued to haul cane for another two weeks, at which point he decided to stop because he “couldn’t ride no more.... Couldn’t take the jounce of the truck.” The plaintiff said that the “jounce of the truck” caused his back and head to hurt. Plaintiff testified in deposition that he told Patout that he was injured but filed no claim. Plaintiff was unable to haul for the remainder of the season. He eventually sold his truck to his daughter and son-in-law because he knew he would not be able to drive anymore as a result of his injuries. Plaintiff has been continuously under the care of physicians since the day of the accident.
The plaintiff filed suit against the defendants on March 20, 1984, sixteen months after the accident, claiming that he was entitled to compensation for his total and permanent disability. Plaintiff contends that prescription did not begin to run until May of 1983 when he was told by a physician that he was disabled and could not return to work. The applicable provision of the Worker’s Compensation statute *175 is LSA-R.S. 23:1209(A). It reads, in pertinent part, as follows:
“§ 1209. Prescription: timeliness of filing
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and1 in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.” (Footnote omitted)
The plaintiffs argument would be successful only if his injury were viewed under the “development of the injury rule” set forth in the last sentence of LSA-R.S. 23:1209(A). The trial court found that plaintiff’s injury was not one which developed at a later date, therefore prescription began to run as of November 11, 1982. After careful review of this record we conclude, as did the trial court, that plaintiff's claim had prescribed.
The “development of the injury rule” as jurisprudentially interpreted, “connotes the time when disability to perform work becomes manifest either to the injured employee or his employer.” Barker v. Aetna Cas. & Sur. Co., 380 So.2d 178 (La.App. 1st Cir.1979), writ denied, 383 So.2d 25 (La.1980). It is evident from the plaintiffs own testimony that he considered himself no longer able to perform his customary job duties or those of any kind within two weeks of his accident. Plaintiff never returned to work after he decided to quit hauling sugarcane in December of 1982. The trial court was correct in determining that the plaintiffs disability was manifest long before Dr. Llewellyn pronounced him disabled and that any claim for worker’s compensation became compensable at that time and not in May of 1983.
Accordingly, the judgment of the trial court is hereby affirmed. The costs of this appeal are to be assessed to the plaintiff.
AFFIRMED.