CHIASSON, Judge.
Plaintiff-appellant, Crown Zellerbach Corporation (Crown), brought this suit seeking reimbursement from the Louisiana Worker’s Compensation Second Injury Fund for worker’s compensation benefits paid and being paid to its employee, Alex J. Thibodeaux. At trial it was stipulated that the only issue for the court to determine was whether plaintiff filed a timely claim with the Second Injury Fund Board. The trial judge held that the claim was not timely filed and ruled in favor of defendant-appellee, the Louisiana Worker’s Compensation Second Injury Board.
The facts in this case are largely undisputed and stipulated to. Plaintiffs employee, Alex J. Thibodeaux, injured his ear on June 20, 1978, leaving him with a permanent, partial disability. Thereafter, he continued to be employed by Crown. On February 25,1983, Thibodeaux suffered another injury which, under the terms of the Louisiana Worker’s Compensation Second Injury Fund Law, LSA-R.S. 23:1871, et seq., merged with his pre-existing permanent partial disability.
When Thibodeaux was injured on February 25, 1983, he did not miss any work, therefore he was not paid worker’s compensation benefits at that time. He was first paid worker’s compensation benefits for the 1983 injury on February 23, 1984. Crown filed its claim for reimbursement with the Second Injury Fund Board on February 15,1985, within 52 weeks of the first payment. The trial court held that the claim was not timely filed and plaintiff appeals.
*290 ASSIGNMENTS OF ERROR
Plaintiff-appellant contends that the trial court erred:
1. as a matter of law in holding that the first worker’s compensation benefit for the second injury paid by Crown was paid in November of 1983 instead of finding that the first benefit was paid on February 23, 1984; and
2. in finding as a fact that the first benefit for the second injury was paid in November of 1983.
DISCUSSION
LSA-R.S. 23:1371, et seq., the Louisiana Worker’s Compensation Second Injury Fund Law, provides that if an employer employs or retains within his employment an employee with a permanent partial disability and that employee receives a new injury which merges with his pre-existing permanent partial disability, then the employer is entitled to reimbursement from the Second Injury Fund for all of the compensation benefits paid after 104 weeks. Although the Second Injury Fund is managed by a state agency known as the Louisiana Worker’s Compensation Second Injury Board, the Fund is supported entirely by contributions made by the worker’s compensation insurers and by employers who are self-insured. Crown is such a self-insured employer who has contributed annually to the Fund.
From February 25,1983 through November of 1983, Thibodeaux did not miss any work due to his second injury and thus no worker’s compensation benefits were due for this injury.
The testimony in the record is undisputed that the payments made by Crown in November of 1983 at the rate of $130.00 per week were payments based upon Thibo-deaux’s 1978 injury. The uncontradicted testimony shows that the people in charge of making the benefit payments in November of 1983 did not know about the February 25, 1983, injury at that time. The trial judge did not base his decision on facts contrary to this, but on what he thought to be the law. In his oral reasons for judgment the trial judge held that the payments made by Crown in November 1983 could not have been made for the 1978 accident because, as a matter of law, Thibodeaux was not entitled to worker’s compensation benefits based upon the 1978 accident because his rights to such benefits had prescribed by the prescriptive period of two years as provided in LSA-R.S. 23:1209. This prescription is not applicable because Thibodeaux’s claim for benefits in November 1983 based upon his 1978 accident had not prescribed, and furthermore, even if it had prescribed that would not mean as a matter of law that he could not make a claim. Thibodeaux could make a claim for benefits based upon his 1978 injury at any time and only his employer could raise the affirmative defense of prescription. Prescription cannot be raised by the court on its own motion. LSA-C.C.P. art. 927.
The two year prescriptive period of 23:1209 is inapplicable to the 1978 claim. The Supreme Court, in Lester v. Rebel Crane and Service Company, 393 So.2d 674, 676 (La.1981) stated in reference to this prescriptive period:
The two year prescriptive period in LSA-R.S. 23:1209 for injuries which do not manifest themselves immediately after an accident is not applicable.... The purpose of the legislative provision is to prevent an employee who suffers an accident with no apparent resulting injury from coming into court over two years later and claiming an injury. The two year period is a legislative determination that such cases are too suspect to come within the purview of the compensation law. (citations omitted.)
In the instant case Thibodeaux’s 1978 injury was immediately apparent and he was off of work receiving benefits after the accident. Thibodeaux then returned to work, started receiving his salary and periodically had flare-ups of his injuries which required medical treatment. Hence, as a matter of. law, the two year prescriptive period of LSA-R.S. 23:1209 is inapplicable to the case sub judice.
The evidence was uncontradicted that the first date a payment was made on the 1983 *291 accident was February 23, 1984 and the date of plaintiff’s claim with the Second Injury Board was February 15, 1985, within the time allowed by 23:1371.
The assignments of error have merit.
DECREE
For the above reasons the judgment appealed from is reversed and judgment is hereby rendered in favor of plaintiff holding that their claim was timely filed with the Second Injury Board.
Costs are to be paid by appellee.
REVERSED AND RENDERED.