JOSEPH E. COREIL, Judge Pro Tem.
Elaine Robicheaux, who allegedly sustained a work-related eye injury, instituted this worker’s compensation suit against her employer, the Lafayette OB/GYN Clinic, and its worker’s compensation insurer, St. Paul Fire & Marine Ins. Company. The worker's compensation hearing officer found that the two-year prescriptive period provided for in La.R.S. 23:1209 A was not applicable to Ms. Robicheaux’s claim. Instead, the hearing officer found that Ms. Robicheaux’s claim is controlled by the one-year provision of La.R.S. 23:1209 A which was interrupted because Ms. Robicheaux did not have sufficient facts to put her on notice that she had a claim compensable under the worker’s compensation laws. The hearing officer further refused to award attorney’s fees or penalties. This appeal followed.
FACTS
On June 6, 1985, Ms. Robicheaux, an office nurse with the Lafayette OB/GYN Clinic dropped a vaginal speculam into a pan, splashing a solution into her eye. She immediately washed her eye, but it was not until two weeks later that she noticed that it became irritated and blurred. Ms. Robi-cheaux reported this incident to her employer at that time.
On June 17, 1985, Ms. Robicheaux consulted Dr. Harold W. Ledoux, an ophthalmologist, who diagnosed her condition as *991 herpes zoster keratitis and emphasized that it was not work-related.
Dr. Ledoux referred the plaintiff to Dr. Barry Bohn in December of 1985. At that time, she complained of a rash on the right side of her face and blurriness in the right eye. After several visits, the vision in her right eye reached 20/30, and Dr. Bohn determined that the eye was infected with the herpes zoster virus rather than herpes simplex. The doctor specifically stated in a letter to Dr. Ledoux that the infection was not related to the splash solution. Based upon this, Ms. Robicheaux did not pursue the matter as a worker’s compensation claim.
The plaintiffs condition continued to recur, and Dr. Bohn sent her to Dr. Herbert E. Kaufman in January of 1990. Dr. Kaufman performed surgery on the eye and felt that she would require a corneal transplant in the future. He believed that the disease could be either herpes zoster or herpes simplex and that it was possible that the condition originated with the work-related incident. The doctor reported that this possibility could be based on one of two occurrences. First, herpes simplex may have been present on the speculam and the splash transferred the virus to her eye. Second, the splash may have reactivated a latent herpes zoster or herpes simplex infection. Of these two, the doctor hypothesized that the first was more likely and that if the infection was related to the splash, it probably resulted from herpes simplex located on the speculam.
Dr. Bohn then wrote a letter, on June 15, 1990, indicating that the infection could be either herpes zoster or herpes simplex and that it was related to the plaintiffs initial trauma. Based upon this, the plaintiff filed a claim for worker’s compensation and medical benefits on June 24, 1990, five years after the accident.
The case was presented to the hearing officer on stipulation of facts, leaving the only issue presented as whether or not Ms. Robicheaux’s claim has prescribed.
The hearing officer found that prescription had not run because Ms. Robicheaux did not have sufficient facts to put her on notice that she had a claim compensable under the worker’s compensation laws.
PRESCRIPTION UNDER LA.R.S. 23:1209
There are three prescriptive periods provided by La.R.S. 23:1209 applicable to worker’s compensation claims. They are: (a) one year from the date of the accident; (b) one year after the last payment of compensation, except in cases of partial disability, when the period is three years after the last payment of compensation, or (c) one year from the time the “injury develops” if the injury “does not result at the time of, or develop immediately after the accident,” but in no event more than two years after the accident.
The hearing officer determined that Ms. Robicheaux’s claim falls under the one-year limitation and concluded that the two-year provision didn’t apply to this situation because Ms. Robicheaux suffered injury from the accident within two weeks, which progressively worsened over time. We agree.
The two-year prescriptive period of R.S. 23:1209 is applicable to worker’s compensation claims for injuries that do not manifest themselves immediately after an accident. Crown Zellerbach v. Worker’s Comp., 517 So.2d 288 (La.App. 1 Cir.1987). In the instant case, Ms. Robicheaux’s injury was immediately apparent, and she consulted an ophthalmologist less than two weeks later. He would not relate the condition of the eye to the accident. A second ophthalmologist also could not specifically state Ms. Robicheaux’s condition was related to the splash solution. Over the years and up to the filing of the lawsuit, Ms. Robicheaux has required medical treatment. Her condition has progressed to the point of requiring a corneal transplant. Therefore, as a matter of law, the two-year prescriptive period of La.R.S. 23:1209 is inapplicable to this case.
Defendants argue that the two-year limitation bars Ms. Robicheaux’s action, regardless of interruption. Essentially, defendants are contending the two-year limitation is peremptive rather than prescriptive. The Supreme Court, in Lester v. Rebel Crane and Service Company, 393 So.2d *992 674, 676, (La.1981), stated in reference to this prescriptive period:
“2. Although the two year period has been termed peremptive and therefore not subject to interruption, this is an incorrect jurisprudential overlay on a statute with the title of ‘Prescription’. See Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La.,1973) and the Comment at 41 La.L.Rev. 220.”
Defendants cite Swearingen v. Air Products & Chemical, Inc., 481 So.2d 122 (La.1986), to support their contention. The Supreme Court held that Swearingen’s suit for worker’s compensation benefits was barred because he had not brought it within the two-year period of R.S. 23:1209. The Swearingen case is easily distinguishable. In 1979, Swearingen slipped off a ladder at work and developed hip problems, which eventually led to two hip replacement surgeries in 1982 and 1983. He recovered and, upon his attempt to return to work in July of 1983, he was notified that there had been a general layoff and his former position had been discontinued. He did not file suit until February 21,1984. There was no question that there existed a late-developing injury which was work-related, and the claim for benefits fell squarely within La. R.S. 23:1209’s two-year limitation provision. After discussing the issue of when a disability develops, the Court concluded that, in any event, two years had lapsed, thereby precluding Swearingen’s lawsuit brought over five years later. However, the Swearingen case did not involve an issue of whether prescription had been interrupted. There existed no misdiagnosis or question that the injuries resulted from his accident at work.
In the present case, we are concerned with the interruption of the prescriptive period. Until the claimant is aware, or should have been aware, that the injury with its resulting disability is work-related, prescription does not commence to run. Bolden v. Georgia Cas. & Sur. Co., 363 So.2d 419 (La.1978); Crown Zellerbach, supra. The evidence indicates that Ms. Robicheaux suffered a work-related injury on June 6, 1985, but we find she had no reason to believe her eye problems were compen-sable until she consulted Dr. Kaufman in January of 1990.
The failure of Doctors Ledoux and Bohn to ascribe the condition to the splash solution should not penalize the employee because she did not bring suit within the year that she had a conjectural, rather than a manifest, compensable claim. Since she neither knew nor should have known prior to that date that she had a work-related injury, we find her claim did not prescribe.
Plaintiff asks that we reverse the part of the judgment denying attorney’s fees and penalties. Absent manifest error, a trial court’s decision to award penalties and attorney’s fees will not be disturbed. Ruf v. Darrell DeMoss Photographers, 568 So.2d 1157 (La.App. 5 Cir.1990), writ denied, 571 So.2d 655 (La.1990). Under La.R.S. 23:1201.2, attorney’s fees may only be awarded when the employer or insurer did not have a reasonable basis to believe that medical expenses and compensation benefits were not due to the employee. Under the particular circumstances of this case, we conclude that the hearing officer correctly denied attorney’s fees and penalties.
Accordingly, the judgment of the administrative hearing officer is affirmed. Costs of this appeal are assessed to defendants.
AFFIRMED.