481 So.2d 122 (1986)
John SWEARINGEN
v.
AIR PRODUCTS & CHEMICAL, INC., et al.
No. 85-C-0947.
Supreme Court of Louisiana.
January 13, 1986.
*123 Gordon R. Crawford, C. William Gerhardt & Associates, Gonzales, for plaintiff-applicant.
Kenneth E. Barnette, Dan Reed, Seale, Smith & Phelps, Baton Rouge, for defendant-respondent.
DENNIS, Justice.
Under the Worker's Compensation Act, when an employee's disability does not develop immediately after an accident, the limitation on filing suit is one year from the time the disability develops (except that no suit may be brought more than two years after the accident). In this case the trial and appellate courts concluded that the employee's suit was untimely because it was filed over one year after he quit work because of his injury. We granted certiorari because we disapprove of the court of appeal's interpretation that such a disability is always deemed to have developed on the day the employee quits work because of his physical condition. 472 So.2d 23 (La.1985). Upon reviewing the record, however, we have concluded that the employee's suit was untimely because it was filed more than two years after the accident that produced his alleged disability. Accordingly, we affirm the court of appeal's decision because its result is correct.
The evidence taken in connection with the exception of prescription indicates that the plaintiff employee, John Swearingen, was employed as a plant operator by his employer, the defendant, Air Products and Chemicals, Inc. While working in 1979, Swearingen accidently slipped from a ladder and fell sixteen feet to the bottom of a tank. He landed on his side and back. After this accident his right hip began to give him trouble, and six months later his left hip began to bother him. This condition worsened gradually as Swearingen continued to work. In February or March of 1982, his right hip had deteriorated to the point that he had to have hip replacement surgery. After this operation Swearingen resumed work at the same job. His left hip continued to get worse, however, and on February 10, 1983, he left work because the condition had become too painful. On February 29, 1983 his left hip was totally replaced. After he recuperated from this surgery, Swearingen's doctor discharged him to return to work on July 14, 1983. When Swearingen attempted to return, however, he was informed that his former position had been discontinued as part of a general layoff unrelated to his medical condition.
On February 21, 1984 Swearingen filed this suit for worker's compensation, penalties and attorney's fees. The defendant employer, Air Products & Chemicals, Inc., filed an exception of prescription. After an evidentiary hearing, the trial court sustained the exception, and Swearingen appealed.
The court of appeal affirmed the trial court in an unpublished opinion. 468 So.2d 39 (La.App. 1st Cir.1985). The court of appeal felt that the controlling precept was the following: "Where there is no accident or specific occurrence to which a cause can be attributed, but rather a progression and recurrent manifestation of illness or disability from latent causes, (which may be attributable in whole or in part to work *124 related incidents), the time of development of the injury for the purpose of determining a prescriptive date, is the date of termination of employment. More specifically, the date when the employee finally has to give in to his disability and quit work is the date from which prescription begins to run." (Slip Op. at 1, La.App. 1st Cir., CA/84/1542, Apr. 16, 1985) Because Swearingen left work on February 10, 1983 and filed suit more than one year later, on February 21, 1984, the court of appeal concluded that his action was untimely.
We do not agree with the court of appeal's formulation of the developing injury rule. La.R.S. 23:1209 provides, in pertinent part:
Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
The interpretations of this provision stand for the general proposition that development of the injury actually means development of disability, and disability marks the time from which it is clear that the employee is no longer able to perform the duties of his employment in a satisfactory manner. See, e.g., Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218 (1952); Burleigh v. Argonaut Insurance Co., 347 So.2d 13 (La.App. 3d Cir.), writ denied, 349 So.2d 1267 (La.1977); Harris v. Seaboard Fire & Marine Insurance Co., 337 So.2d 262 (La.App. 2d Cir.), writ denied, 339 So.2d 853 (La.1976); W. Malone & H. Johnson, Workers' Compensation Law and Practice (1980), § 384 at 246. Although that point in time will often coincide with the date on which he ceases employment with the employer, in some cases it may not occur until later. See e.g., Faucheux v. Hooker Chemical Corp., 440 So.2d 1377 (La.App. 5th Cir.1983), writ application withdrawn, 459 So.2d 498 (La.1984); Owens v. Liberty Mutual Insurance Co., 307 So.2d 313 (La.1975); Puglisi v. Saia Motor Freight Lines, 422 So.2d 1363 (La.App. 1st Cir.1982); W. Malone & H. Johnson, supra, § 384 at 247. For example, if an employee returns to work for his employer, or even a different employer, after an injury and a brief recuperation, only to find at a later date that his injury was finally disabling, his injury would not have "developed" until it was clear that he was disabled from performing the tasks alloted to him. See, e.g., Bolden v. Georgia Casualty & Surety Co., 363 So.2d 419, 421-22 (La.1978); Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522 (1956); Harris v. Seaboard Fire & Marine Insurance, supra; Croswell v. Wells, 102 So.2d 794 (La.App. 2d Cir.1958); W. Malone & H. Johnson, supra, § 384 at 248-49. In the present case it is impossible to tell from the record whether Swearingen has a disability and, if so, when it developed because the general layoff prevented his return to work, which had been approved by his doctor.
Nevertheless, Swearingen's suit is barred in this case because of that part of La.R.S. 23:1209, quoted above, which states that no suit may be brought more than two years after the accident complained of. Swearingen testified that his hip problems began with his work-related fall in 1979. He did not testify to or produce evidence of any cause for his disability other than his 1979 accident. He candidly stated that after his fall each hip gradually and progressively worsened until surgery was required. Because he did not file his action until February 21, 1984, well over two years from the date of the accident in 1979, Swearingen's claim based on that accident is barred.
The judgment of the Court of Appeal is affirmed for the reasons assigned.
AFFIRMED.
BLANCHE and LEMMON, JJ., concur and assign reasons.
BLANCHE, Justice (concurring).
The court of appeal was correct in finding plaintiff's disability clearly developed on the day he notified his employer that he *125 had to quit work because of his physical condition.
LEMMON, Justice, concurring.
Plaintiff testified that he could no longer perform his duties after an incident on his last day of work, which was shown to be February 10, 1983. Since he was immediately aware of the disabling injury and since he received no compensation benefits at any time, the simple answer appears to be that his claim prescribed on February 10, 1984.
The case is complicated by the fact that plaintiff was no longer disabled (at least totally) on July 14, 1983, when his doctor discharged him to return to work (although on light duty). He did not allege or prove any subsequent worsening of his condition. Thus, one can only conclude that at the time of filing suit plaintiff either was no longer disabled at all (and thus had no cause of action) or, more likely, was partially disabled from an employment-related injury (assuming causation is proved at trial) which occurred on February 10, 1983 or earlier. He has failed to prove that any disability developed or that prescription was otherwise interrupted after his last day of work.[1]
NOTES
[1] Plaintiff was paid sick leave benefits between February 10 and July 14. However, he clearly understood the nature of these payments, and they do not constitute an acknowledgement of compensation responsibility which serves to interrupt prescription. W. Malone & A. Johnson, 14 Louisiana Civil Law Treatise, Worker's Compensation Law and Practice § 384, p. 255 (2d ed. 1980).