652 So.2d 1323 (1995)
Diane SEVIN
v.
SCHWEGMANN GIANT SUPERMARKETS, INC.
No. 94-C-1859.
Supreme Court of Louisiana.
April 10, 1995.
*1324 Gregory B. Jones, Slidell, for applicant.
Christopher M. Landry, Metairie, for respondent.
Sharon A. Perlis, Metairie, amicus curiae for La. Retailers Ass'n.
LEMMON, Justice.[*]
The issue in this workers' compensation action is whether La.Rev.Stat. 23:1209 A's special prescriptive period of "one year from the time the injury develops" applies when the injury manifests itself immediately after the accident, but does not develop into a disabling condition until more than one year after the accident or one year after the last payment of compensation benefits.
On December 20, 1988, while working as a clerk in the delicatessen at defendant's supermarket, plaintiff fell approximately four feet onto her buttocks and sustained a lower back injury. The doctor diagnosed an acute lumbar strain and treated her with rest, physical therapy, and medication until April 3, 1989, when he released her to return to work. Defendant paid plaintiff weekly compensation benefits during the period of treatment and recuperation. Plaintiff returned to her former position on April 4, 1989, after which defendant discontinued weekly benefits, but continued to pay medical expenses.
In November of 1989, plaintiff returned to the doctor with complaints of severe pain, stating that she had continued to experience pain during the seven-month period since her return to work. The doctor diagnosed acute lumbar strain, consistent with the original diagnosis in December of 1988, and prescribed medication.
The following month, the doctor ordered an MRI test, which revealed the presence of a small disc herniation and a bulging disc. The doctor referred plaintiff to an orthopedic surgeon, but she declined further treatment and continued to attempt to work.
On April 17, 1990, plaintiff returned to the original doctor, complaining of increased pain *1325 as well as numbness and weakness in her legs. The doctor instructed plaintiff not to return to work and referred her to a neurosurgeon, who performed diagnostic testing that revealed two bulging discs. The neurosurgeon opined that a previous degenerative condition had been aggravated by traumatic injury consistent with plaintiff's history of her fall in 1988.
After decompression surgery in September of 1990, plaintiff underwent three additional surgical procedures in the next three years to alleviate her back pain. She has not worked since April of 1990.
This action for permanent and total disability benefits was filed on August 31, 1990. Defendant responded with an exception of prescription based on La.Rev.Stat. 23:1209 A, which provides:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
The hearing officer, strictly interpreting La.Rev.Stat. 23:1209 A, ruled that plaintiff's claim had prescribed when she failed to file suit within one year of April 3, 1989, the date of the last payment of workers' compensation benefits. Plaintiff appealed, contending that prescription did not commence to run until April of 1990, when her injury developed into a disabling condition and forced her to leave employment with defendant.
The court of appeal affirmed the decision of the trial court in an unpublished opinion. The court reasoned that La.Rev.Stat. 23:1209 A provides three prescriptive periods, depending on the nature of the claims. First, when the injury manifests itself at the time of the accident, the claim must be filed within one year of the accident. Second, when compensation benefits have been paid, the claim must be filed within one year of the last payment (except for claims for supplemental earnings benefits). Third, when the injury does not result at the time of the accident or develop immediately after the accident, the claim must be filed within one year from the time the injury develops; in such a case, however, the claim must be filed within two years of the date of the accident. The court accordingly ruled that since the injury manifested itself at the time of the accident, the claim fell under the second prescriptive period, and the action had to be filed within one year of the last compensation payment.
We granted plaintiff's application for certiorari. 94-1859 (La. 11/4/94); 644 So.2d 1063.
Contending that the developing injury provision of La.Rev.Stat. 23:1209 A applies in this case, plaintiff argues that her claim was timely filed within one year of the development of her disability from the injury and within two years of the date of the accident.
Workers' compensation laws are to be liberally interpreted in favor of protecting workers from the economic burden of workrelated injuries. Lester v. Southern Casualty Ins. Co., 466 So.2d 25 (La.1985); Parks v. Insurance Co. of North America, 340 So.2d 276 (La.1976). In furthering that policy, this court has construed La.Rev.Stat. 23:1209 As term "the time the injury develops" liberally *1326 in cases in which the worker attempts to continue working until no longer able to perform his or her employment duties. Wex A. Malone & H. Alston Johnson III, 14 Louisiana Civil Law TreatiseWorkers' Compensation § 384 (3d ed. 1994). This court has consistently held that an employee who suffers a work-related injury that immediately manifests itself, but only later develops into a disability, has a viable cause of action until one year from the development of the disabling injury, rather than from the first appearance of symptoms or from the first date of treatment. Swearingen v. Air Prod. & Chem., Inc., 481 So.2d 122, 124 (La.1986); Bolden v. Georgia Casualty & Sur. Co., 363 So.2d 419, 422 (La.1978); Wallace v. Remington Rand, Inc., 229 La. 651, 86 So.2d 522, 526 (1956); Johnson v. Cabot Carbon Co., 227 La. 941, 81 So.2d 2, 5 (1955); Mottet v. Libbey-Owens-Ford Glass Co., 220 La. 653, 57 So.2d 218, 219 (1952). The "time the injury develops," as interpreted to mean the date the disability develops, is usually determined as the time when it becomes clear that the worker can no longer perform his or her employment duties in a satisfactory manner. Swearingen v. Air Prod. & Chem., Inc., 481 So.2d at 124; Wallace v. Remington Rand, Inc., 86 So.2d at 525. Thus, the "developing injury" rule has been applied not only when the injury does not manifest itself immediately, but also when the employee, after an accident in which injury is immediately apparent, continues to attempt employment duties until he or she is finally disabled from doing so.
The underlying rationale for this interpretation is that an injured employee who continues to work, despite a work-related medical condition which is painful but not then disabling, should not be penalized for attempting to remain in the work force in order to support his or her family or in the hope that the condition will improve. Wex A. Malone & H. Alston Johnson III, 14 Louisiana Civil Law TreatiseWorkers' Compensation § 384 (3d ed. 1994). Requiring any injured employee, who is not yet disabled, to assert his or her claim within one year of the accident (or one year of the last payment of benefits) in order to preserve the cause of action would encourage needless litigation.
Defendant contends, however, that the "developing injury" rule applies only when the initially manifested injury becomes latent for some period and later remanifests itself. Defendant accordingly argues that the provision does not apply here because plaintiff was never pain-free and has always related her disability to the initial accident. We reject this distinction. Plaintiff worked, although in pain, until she could work no longer. She is exactly the type of accident victim that the "developing injury" rule was intended to benefit.
Moreover, while the earlier "developing injury" cases involved workers who continued to work immediately after the accident, there is no reason to deny application of the "developing injury" rule in cases where the injured worker undergoes treatment while receiving disability benefits and then returns to work after recuperation, only to find later that the injury is finally disabling. Wex A. Malone & H. Alston Johnson III, 14 Louisiana Civil Law Treatise Workers' Compensation § 384 n. 34 (3d ed. 1994). Thus, an injured employee's claim generally must be filed within one year of the accident unless benefits are paid, in which case suit must be filed within one year of the last benefits payment. However, when the injury does not develop into a disabling condition until some later date, the one-yearfrom-the-accident period is inapplicable, and the injured worker has one year from the date of development of the disability to file a claim, whether or not benefits were paid during a temporary recuperative period. This court has consistently interpreted the introductory term of the last sentence of Section 1209 A "when the injury does not ... develop immediately after the accident" to apply when the disability does not develop immediately after the accident, and the temporary payment of benefits during a recuperative period does not affect this interpretation.
*1327 In the present case, plaintiff was initially treated for back strain and subsequently returned to work after being discharged by her doctors. At that point in time, plaintiff had no cause of action for a permanent and total disability claim because neither she nor her doctors believed that she was disabled. Although plaintiff's pain persisted, she nevertheless continued to work until her injury finally became disabling in April of 1990 and her doctor ordered her not to return to work. This was the point that "the injury develop[ed]" within the contemplation of Section 1209A. Plaintiff filed her claim within one year of the eventual development of the disability that totally precluded her from working, and within two years of the accident. Her action was therefore timely filed.
The judgments of the office of workers' compensation and the court of appeal are reversed, the exception of prescription is overruled, and the case is remanded to the office of workers' compensation for further proceedings.
NOTES
[*] Pursuant to Rule IV, Part 2, § 3, Watson, J. was not on the panel which heard and decided this case. See footnote in State v. Barras, 615 So.2d 285 (La.1993).