951 So.2d 1218 (2007)
Robert BUTLER
v.
PARISH OF JEFFERSON.
No. 06-CA-669.
Court of Appeal of Louisiana, Fifth Circuit.
January 30, 2007.
*1219 Robert H. Urann, Robein, Urann & Lurye, P.L.C., Attorney at Law, Metairie, Louisiana, for Plaintiff/Appellee, Robert Butler.
Wade A. Langlois, III, Courtney Fuller, Gaudry, Ranson, Higgins & Gremillion, L.L.C., Attorneys at Law, Gretna, Louisiana, for Defendant/Appellant, Parish of Jefferson, East Bank Consolidated Fire District.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and GREG G. GUIDRY.
SUSAN M. CHEHARDY, Judge.
In this workers' compensation case the claimant, a firefighter, was awarded temporary total disability benefits for coronary artery disease diagnosed prior to his retirement. On appeal his employer, a parish fire department, asserts the Office of Workers' Compensation judge erred in failing to find that the claim had prescribed and in finding the employer arbitrary and capricious for failure to pay weekly benefits. We affirm.
Robert Butler, a firefighter with the Parish of Jefferson, East Bank Consolidated Fire District ("the Parish"), experienced chest pains while on duty on November 1, 1996, and went to a hospital. After cardiac catheterization, he was diagnosed with coronary artery disease ("CAD") involving the left anterior descending vessel. He underwent angioplasty and stenting of the vessel on the front of the heart.
Butler's physician stated Butler had no evidence of myocardial injury at that point; he had insignificant coronary artery disease, and his pain was non-cardiac. Butler was off work several months, but he was *1220 paid his full salary in lieu of workers' compensation, pursuant to La.R.S. 33:1995.
Butler returned to the job on May 13, 1997 without restrictions, and worked until July 5, 2004. On the latter date he felt chest pain and went to the hospital. An angiogram revealed blockage in his right coronary artery and his doctors determined he had significant three-vessel coronary artery disease. Butler underwent further surgery and placement of another stent, followed by cardiac rehabilitation therapy.
Subsequently Butler's treating cardiologist and a physician hired by the Jefferson Parish Disability Pension Board determined that Butler was totally and permanently disabled from returning to work as a firefighter. He continued to receive his regular salary until August 31, 2004, as well as medical benefits, but no workers' compensation indemnity. He retired from the fire department on August 31, 2004.
Butler filed a disputed claim for compensation with the Office of Workers' Compensation ("OWC") in September 2004. In answer to the claim, the Parish pleaded prescription.
Trial on the merits took place on July 7, 2005. At trial the parties stipulated that Butler's average weekly wage was $1,418.00; that he last worked on the job on July 5, 2004; that his departure from the fire department was August 31, 2004; that he was out of work from November 1, 1996 through May 12, 1997, and during that time he was paid his full salary; and that the Parish had paid all medical benefits in connection with the injury.[1]
On August 23, 2005 the OWC judge rendered judgment, finding that Butler sustained an occupational disease during the course and scope of his employment that became disabling in July 2004, and that the injuries were within the parameters of the Heart and Lung Act.[2] The OWC judge found Butler entitled to payment of temporary total disability benefits from September 1, 2004, through the present and continuing, as well as to payment of all medical expenses, medication expenses, and transportation expenses for the disabling injury.
Further, the OWC judge found that the Parish had been arbitrary and capricious in refusing to pay workers' compensation benefits and had failed to reasonably controvert the claim. The judge assessed a penalty in the amount of $2,000.00 for failure to pay benefits, attorney's fees in the amount of $5,000.00, directed that the Parish be given a credit for all benefits already paid and for any earnings by Butler, and cast the Parish for costs.
Under La.R.S. 33:2581, there is a legal presumption that heart disease is an occupational disease for firefighters. It states:
Any disease or infirmity of the heart or lungs which develops during a period of employment in the classified fire service in the state of Louisiana shall be classified as a disease or infirmity connected with employment. The employee affected, or his survivors, shall be entitled to all rights and benefits as granted by the laws of the state of Louisiana to which one suffering an occupational disease is entitled as service connected in *1221 the line of duty, regardless of whether the fireman is on duty at the time he is stricken with the disease or infirmity. Such disease or infirmity shall be presumed, prima facie, to have developed during employment and shall be presumed, prima facie, to have been caused by or to have resulted from the nature of the work performed whenever same is manifested at any time after the first five years of employment.
With respect to occupational disease, La. R.S. 23:1031.1 provides in pertinent part:
E. All claims for disability arising from an occupational disease are barred unless the employee files a claim as provided in this Chapter within one year of the date that:
(1) The disease manifested itself.
(2) The employee is disabled from working as a result of the disease.
(3) The employee knows or has reasonable grounds to believe that the disease is occupationally related.
The Parish contends that, under the language of La.R.S. 23:1031.1(E), Butler's claim prescribed because he first developed CAD in 1996, he was disabled for over six months at that time, and he knew his heart disease was occupationally-related. Alternatively, the Parish argues that the OWC judge was manifestly erroneous in finding the Parish was arbitrary and capricious and in awarding penalties and attorney's fees, when the Parish brought a legitimate legal issue on prescription to the court.
La.R.S. 23:1209(A) sets out the applicable prescriptive period, as follows:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
The Parish argues that since the plaintiff was paid wages in lieu of compensation, under Section 1209(A) he had one year from the last payment of benefits to file a claim, or until May 1998.
In opposition to the appeal, Butler asserts the trial court correctly denied the exception of prescription. Butler cites LaCour v. Hilti Corporation, 98-2691 (La.5/18/99), 733 So.2d 1193, in which the claimant suffered from carpal tunnel syndrome over several years (1991-1995), had periodic surgeries, was placed on short-term disability after each surgery, and always resumed his normal employment duties. Following yet another surgery in November 1995, however, his doctor advised the claimant he could no longer *1222 perform his work, yet his employer told him he would be terminated if he did not return to work by January 11, 1996.
LaCour filed his workers' compensation claim in September 1996. The employer argued that LaCour's claim had prescribed because he had suffered with carpal tunnel syndrome as early as 1992 and was aware it was the result of using pneumatic tools in his workplace. However, the LaCour court concluded the claim had not prescribed, on the basis that "January 11, 1996 was the date when Mr. LaCour's disability began because that was the date when he was forced to terminate his employment and all three factors set forth in Bynum[3] were met." 733 So.2d at 1196-1197.
The facts in this case parallel LaCour's. Butler was diagnosed with CAD in the left anterior descending artery in November 1996 and was placed on leave until May 1997. He returned to duty without restrictions in May 1997, until on July 5, 2005 he developed a blockage in his right coronary artery with manifestation of significant three-vessel coronary disease. At this point he was determined to be totally and permanently disabled from returning to work as a firefighter. That date, chosen by the OWC judge, is consistent with La.R.S. 23:1031.1(E), which provides the prescriptive period for "all claims for disability arising from an occupational disease." (Emphasis supplied).
"[A]n employee who is not disabled, although he knows he has contracted an occupational disease, is not required under a proper interpretation of La.R.S. 23:1031.1 to file his claim within the period set forth therein because, unless he is disabled, he has no cause of action for recovery under that statute." Box v. City of Baton Rouge, XXXX-XXXX (La.App. 1 Cir. 4/2/03), 844 So.2d 405, 407.
The Workers' Compensation Act is to be liberally construed in favor of protecting workers from the economic burden of work-related injuries. Sevin v. Schwegmann Giant Supermarkets, Inc., 94-1859, p. 4 (La.04/10/95), 652 So.2d 1323, 1325. An employee who suffers a work-related injury that later develops into a disability has a viable cause of action. Id., 94-1859 at pp. 4-5, 652 So.2d at 1326. Prescription starts to run from the development of the disability, rather than from the first appearance of symptoms or from the first date of treatment. Id.
The "time the injury develops," as interpreted to mean the date the disability develops, is usually determined as the time when it becomes clear that the worker can no longer perform his or her employment duties in a satisfactory manner. Thus, the "developing injury" rule has been applied not only when the injury does not manifest itself immediately, but also when the employee, after an accident in which injury is immediately apparent, continues to attempt employment duties until he or she is finally disabled from doing so. [Citations omitted.]
Sevin, 94-1859 at p. 5, 652 So.2d at 1326.
Thus, an injured employee's claim generally must be filed within one year of the accident unless benefits are paid, in which case suit must be filed within one year of the last benefits payment. However, when the injury does not develop into a disabling condition until some later date, the one-year-from-the-accident *1223 period is inapplicable, and the injured worker has one year from the date of development of the disability to file a claim, whether or not benefits were paid during a temporary recuperative period. This court has consistently interpreted the introductory term of the last sentence of Section 1209 A "when the injury does not . . . develop immediately after the accident" to apply when the disability does not develop immediately after the accident, and the temporary payment of benefits during a recuperative period does not affect this interpretation.
Sevin, 94-1859 at p. 6, 652 So.2d at 1326.
Thus, we agree with the OWC judge that Butler's claim had not prescribed. Although he received salary in lieu of benefits for a six-month period in 1996-1997, between 1997 and July 2004, Butler returned to work without restrictions. The critical date for the running of prescription is July 2004, when Butler was determined to be disabled from returning to duty as a firefighter. This action for benefits was brought timely within six months from that date as prescribed by La.R.S. 23:1031.1(E), and within one year as required by La.R.S. 23:1209(A).
With respect to the Parish's alternative argument that the OWC judge erred in finding the Parish arbitrary and capricious and awarding penalties and attorney's fees, we find no error in the determination.
For the foregoing reasons, the judgment is affirmed. The defendant-appellant is cast with costs of appeal.
AFFIRMED.
NOTES
[1] Pursuant to La.R.S. 23:1204, payment of medical benefits is not an admission of liability for indemnity benefits.
[2] La.R.S. 33:2581, sometimes also called the Firemen's Heart and Lung Act.
[3] Bynum v. Capital City Press, Inc., 95-1395 (La.7/2/96), 676 So.2d 582 (1996).