STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 09-1246


TOMMY MANUCY

VERSUS

JOE MANUCY RACING


**********


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - NUMBER 4
PARISH OF LAFAYETTE, NO. 07-04287
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE


**********


**BILLY HOWARD EZELL**
**JUDGE**


**********


Court composed of John D. Saunders, Oswald A. Decuir, and Billy Howard Ezell, Judges.


**REVERSED AND RENDERED.**

**Gregory Edgar Bodin**
**Baker, Donelson, Bearman, Caldwell & Berkowitz**
**450 Laurel Street, 20th Floor**
**Baton Rouge, LA 70801**
**(225) 381-7000**
**Counsel for Defendants/Appellants:**
**Louisiana Workers' Compensation Corporation**

**Harry Karl Burdette**
**The Glenn Armentor Law Corporation**
**300 Stewart Street**
**Lafayette, LA 70501**
**(337) 233-1471**
**Counsel for Plaintiff/Appellee:**
**Tommy Manucy**

**Jeremy Berthon**
**Johnson, Stiltner & Rahman**
**P. O. Box 98001**
**Baton Rouge, LA 70898-8001**
**(225) 231-0925**
**Counsel for Defendant/Appellant:**
**Louisiana Workers' Compensation Corporation**

**EZELL, JUDGE.**

In this mater, the Louisiana Workers' Compensation Corporation (LWCC) appeals the decision of the workers' compensation judge granting Tommy Manucy indemnity benefits. For the following reasons, we hereby reverse the decision of the workers' compensation judge and render judgment in favor of LWCC.

On November 13, 2005, Mr. Manucy was working in the capacity as a "leg man" for his son's horse training company, Joe Manucy Racing, when he was knocked down and kicked and/or trampled by a horse. He experienced immediate pain in his leg and was taken to the hospital in an ambulance. The next day, his knee was immobilized, and Mr. Manucy was placed on crutches. On January 18, 2006, Mr. Manucy had surgery to repair a torn ACL. Mr. Manucy was unable to return to Joe Manucy Racing or any other employment since the accident.

On June 1, 2007, Mr. Manucy filed the current claim for workers' compensation. The workers' compensation judge found that Mr. Manucy continued to work until August of 2006, at which point the workers' compensation judge found Mr. Manucy's injury to have developed into a disability, preventing the running of prescription on his claim. The workers' compensation judge awarded Mr. Manucy $350 per week in indemnity benefits. From this decision, LWCC appeals.

LWCC asserts two assignments of error on appeal. It claims that the workers' compensation judge erred in finding that Mr. Manucy's injury was a developing one, preventing his claim from prescribing, and that the workers' compensation judge erred in finding an employer/employee relationship between Mr. Manucy and his son. For the following reasons, we agree with LWCC that Mr. Manucy's claim has prescribed.

1

Louisiana Revised Statutes 23:1209 states:

A. (1) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.

. . . .

(3) When the injury does not result at the time of or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.

As noted by the supreme court in *Winford v. Conerly Corp,* 04-1278, pp. 5-6 (La. 3/11/05), 897 So.2d 560, 564:

The Workers' Compensation Act is to be liberally construed in favor of protecting workers from the economic burden of work-related injuries. *Sevin v. Schwegmann Giant Supermarkets, Inc.,* 94-1859 (La.4/10/95) 652 So.2d 1323, 1325 (citing *Lester v. Southern Casualty Ins. Co.,* 466 So.2d 25 (La.1985)). In furthering this policy, this Court has construed La.Rev.Stat. 23:1209(A)'s term "the time the injury develops" liberally in cases in which the worker attempts to continue working until no longer able to perform his employment duties. *Sevin,* 652 So.2d at 1325-26 (citing Wex A. Malone & H. Alston Johnson III, 14 Louisiana Civil Law Treatise-Workers' Compensation § 384 (3d ed.1994)).

This Court has consistently held that an employee who suffers a work related injury that immediately manifests itself, but only later develops into a disability, has a viable cause of action until one year from the development of the disability, rather than from the first appearance of symptoms or from the first date of treatment. *Id.* at 1326. The "time the injury develops," is generally understood as the date the disability develops, which is usually identified as the time when it becomes clear that the worker can no longer perform his or her employment duties in a satisfactory manner. *Id.* at 1325-26 (citing *Swearingen v. Air Prod. & Chem., Inc.,* 481 So.2d 122, 124; *Wallace v. Remington Rand, Inc.,* 229 La. 651, 86 So.2d 522, 525). The *Sevin* Court found that the "developing injury" rule is applicable where the employee, after an accident in which injury is immediately apparent, continues to attempt employment duties until he or she is finally disabled from doing so. *Id.*

2

The jurisprudence has generally identified two situations that signify the date a developing injury was found to be disabling for the purpose of prescription. The first is the date of termination of employment. *Scott v. Wal-mart Stores, Inc.*, 03-0104 (La.App. 4 Cir. 7/2/03) 851 So.2d 1210, 1214; (see *Boudreaux v. Angelo Iafrate Const.*, 02-0992 (La.App. 1 Cir.2003) 848 So.2d 3, 7). The second is the date of medical diagnosis where the diagnosis notifies a previously unaware injured employee of a disabling condition. *Scott*, 851 So.2d at 1214 (see *Holcomb v. Bossier City Police Dept.*, (La.App. 2 Cir. 8/25/95) 660 So.2d 199); see also *Collier v. Southern Builders, Inc.*, (La.App. 2 Cir.1992) 606 So.2d 885.

The workers' compensation judge found that Mr. Manucy's injury was not severe enough to force him to quit working until August of 2007. We find this determination to be completely unsupported by the record. While Mr. Manucy's leg injury may have worsened over time, the record before us is clear that Mr. Manucy's injury was, in fact, immediately disabling. His knee injury was instantaneous and traumatic. He was taken immediately to the hospital via ambulance. Mr. Manucy testified that he was told the day after the accident that he would require surgery for the injury. He stated that he was told that his knee was "busted in two" and that the injury was so severe that there was too much damage to know the ultimate outcome for the injury. Mr. Manucy admitted that after the accident he was unable to do the work of a leg man, as he simply could not bend down. His employment ended immediately. He testified that he was in a cast for the two months between the accident and the subsequent surgery and that he could not have worked at all. Moreover, he stated that he could not have worked for six to eight weeks after the surgery while he was recovering from that surgery.

Despite the workers' compensation judge's finding that Mr. Manucy tried to work after the accident, Mr. Manucy himself testified that he never attempted to gain employment after the accident. Mr. Manucy stated that while he had been able to do certain "little things" around the house and with his own horses, he could not do those

3

things at work because "the track demands more." Mr. Manucy was no longer able to perform his employment duties immediately after the accident, nor did he even attempt to do so. Accordingly, the workers' compensation judge's finding that his injury was developing is clearly incorrect. Because Mr. Manucy's injury was not a developing one, his claim for indemnity benefits has prescribed.

Our determination on the prescription issue makes it unnecessary to address the other issues raised by LWCC's second assignment of error.

For the above reasons, the decision of the workers' compensation judge is hereby reversed. We hereby render judgment dismissing Mr. Manucy's claim. Costs of this appeal are hereby assessed against Mr. Manucy.

**REVERSED AND RENDERED.**