McClendon, j.
| gClaimant’s employer appeals from a judgment of the Office of Workers’ Compensation (OWC) in favor of claimant. *818 Claimant filed a timely answer to the appeal, seeking additional attorney fees incurred for work on this appeal. For the reasons that follow, we reverse in part and affirm in part.
FACTS AND PROCEDURAL HISTORY
Claimant, James J. Pitre, was employed as a laborer/oysterman by Buddy’s Seafood in Houma, Louisiana, at all times pertinent hereto. Mr. Pitre filed a disputed claim for compensation on October 1, 2007, with the OWC, alleging he had “[p]ulled [his] back picking up [a] sack of oysters” in November 2006 while working at Buddy’s Seafood. With regard to when the accident actually happened, Mr. Pitre gave the following description of the accident in his response to interrogatories: “Around the end of August, I was dragging sacks of oysters out of the cooler and stacking them on a pallet. I usually put 20 sacks on a pallet and as I was stacking my fifth sack, I picked it up and felt my back pop.” He subsequently testified in his deposition that the accident occurred “anywhere around the beginning of ... September to the middle of September, in that area.”
In response to Mr. Pitre’s claim, Buddy’s Seafood filed an exception raising the objection of prescription, arguing that Mr. Pitre failed to timely file his claim for workers’ compensation benefits. More particularly, Buddy’s Seafood noted that Mr. Pitre’s disputed claim for compensation was filed on October 1, 2007, well over one year from the date of the alleged accident as testified to by Mr. Pitre in his deposition and as provided in his answers to interrogatories. Thus, Buddy’s Seafood maintained that, pursuant to the prescriptive periods set forth in LSA-C.C. art. 3492 and LSA-R.S. 23:1209, any claim Mr. Pitre had against Buddy’s Seafood for workers’ compensation benefits was prescribed. On February 25, 2010, after hearing argument from the parties, and considering the documentary evidence introduced into the record, the OWC found that Mr. Pitre’s injury was a developing injury and that his claim for benefits was not prescribed. In a judgment rendered March 3, 2010, the OWC denied the prescription exception.
^Thereafter, Mr. Pitre’s claims proceeded to a four-day trial before the OWC. After listening to the testimony of the witnesses at trial and reviewing the applicable law and documentary evidence in the record, the OWC issued its oral ruling on September 14, 2010, finding in favor of Mr. Pitre and against Buddy’s Seafood. The OWC found that Mr. Pitre “suffered an injury to his back during the course and scope of his employment ... resulting in the aggravation of a pre-existing condition” and that he was “entitled to workers’ compensation benefits until such aggravated condition is resolved through medical treatment and [he] returns to [his] preexisting state.” The OWC further ordered Buddy’s Seafood to reimburse Mr. Pitre for “those medical expenses related to the accident, particularly; medical treatment received on and after November 2006 involving the back.” The OWC found that Buddy’s Seafood was responsible for reasonable and necessary medical treatment by Mr. Pitre’s choice of orthopedic surgeon, Dr. Christopher E. Cenac, Jr. With respect to additional medical expenses, the OWC determined that expenses for medical treatment rendered to Mr. Pitre for anxiety, neck, heart, and chest issues were unrelated to the accident and, therefore, not subject to reimbursement by Buddy’s Seafood. It was further ordered by the OWC that a determination of whether medical treatment for the falls sustained by Mr. Pitre was reimbursable was prema *819 ture, and determinable only after further medical treatment.
With regard to indemnity benefits, the OWC determined that Mr. Pitre was not entitled to either temporary total disability benefits or supplemental employment benefits. The OWC noted, however, that Mr. Pitre was entitled to vocational rehabilitation, unless an offer was made by Buddy’s Seafood for employment with accommodations for restrictions. In addition, the OWC imposed penalties in the amount of $5,000.00 and attorney fees in the amount of $15,000.00 against Buddy’s Seafood for failure to timely investigate and report the incident, failure to timely pay for Mr. Pi-tre’s medical treatment, and failure to timely approve Mr. Pitre’s choice of physician. A judgment in accordance with these findings was signed on October 1, 2010. This appeal by Buddy’s Seafood followed.
I ¿THE AMENDED JUDGMENT
On March 18, 2011, a panel of this court issued a rule to show cause order regarding the finality of the October 1, 2010 judgment. The parties briefed the issue and, in an August 1, 2011 order of this court, the rule to show cause was referred to the panel to which the appeal was assigned. After considering the October 1, 2010 judgment and examining the record, the initial panel handling this appeal issued an interim order on November 10, 2011, finding that the two paragraphs dealing with the award of workers’ compensation benefits and medical expenses were not “precise, definite, and certain” as required by law, as they did not specify the amount owed. See Johnson v. Mount Pilgrim Baptist Church, 05-0337, pp. 2-3 (La.App. 1 Cir. 3/24/06), 934 So.2d 66, 67; Carter v. Williamson Eye Center, 01-2016, p. 3 (La.App. 1 Cir. 11/27/02), 837 So.2d 43, 44. The paragraphs from the October 1, 2010 judgment that needed attention were restated in the interim order for the benefit of the OWC, as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that JAMES J. PITRE is entitled to workers’ compensation benefits until such aggravated condition is resolved through medical treatment and claimant returns to pre-existing state.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that BUDDY’S SEAFOOD, INC. reimburse JAMES J. PITRE for those medical expenses related to the accident, particularly; medical treatment received on and after November 2006 involving the back.
Thus, we remanded the case for the limited purpose of having the OWC sign an amended judgment that was final and ap-pealable. On December 6, 2011, the OWC signed an amended judgment, which for the most part tracked the language of the original judgment, with the exception of the two paragraphs that this court had instructed the OWC to correct. The new language in the December 6, 2011 judgment is, as follows:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that JAMES J. PITRE is entitled to all reasonable and necessary workers’ compensation medical benefits for the aggravation of a pre-existing back injury.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that BUDDY’S SEAFOOD, INC. reimburse JAMES J. PITRE for those reasonable and necessary past medical expenses related to the accident, particularly; medical treatment received on or after November 2006 involving the back, the included expenses as follows....
j^The judgment continued with a listing of various medical expenses and pharmacy *820 expenses for which Buddy’s Seafood was responsible, totaling $11,294.21. The remainder of the original October 1, 2010 judgment was unchanged. In light of the requested modifications, we find that the amended judgment constitutes a final and appealable judgment.
ISSUES FOR REVIEW
On appeal, Buddy’s Seafood assigns the following specifications of error:
1. The [OWC] erred in finding that the plaintiff sustained a work-related accident in the course of his employment with Buddy’s Seafood.
2. The [OWC] erred in denying the Exception of Prescription filed on behalf of defendant, Buddy’s Seafood.
3. The [OWC] erred in assessing penalties and attorney’s fees against the defendant, as defendant adequately controverted the plaintiffs workers’ compensation claim.
Mr. Pitre answered the appeal, seeking additional attorney fees for work on this appeal.
OCCURRENCE OF AN ACCIDENT
As a threshold requirement, a workers’ compensation claimant bears the initial burden of establishing by a preponderance of the evidence that an accident occurred on the job and that he sustained an injury. Magee v. Abek, Inc., 04-2554, p. 4 (La.App. 1 Cir. 4/28/06), 934 So.2d 800, 806, writ denied, 06-1876 (La.10/27/06), 939 So.2d 1287. “Accident” is defined in LSA-R.S. 23:1021(1) as “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” Whether a claimant has carried his or her burden of proof and whether testimony is credible are questions of fact to be determined by the trier of fact. Allman v. Washington Parish Police Jury, 04-0600, p. 3 (La.App. 1 Cir. 3/24/05), 907 So.2d 86, 88. Factual findings in a workers’ compensation case are subject to the manifest error-clearly wrong standard of review. McCray v. Delta Industries, Inc., 00-1694, p. 4 (La.App. 1 Cir. 9/28/01), 809 So.2d 265, 269. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but ^whether the fact finder’s conclusion was a reasonable one. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, pp. 7-8 (La.7/1/97), 696 So.2d 551, 556. Thus, “[i]f the [fact finder’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990). Consequently, when there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous. Bolton v. B E & K Const., 01-0486, p. 7 (La.App. 1 Cir. 6/21/02), 822 So.2d 29, 35.
After hearing from the .witnesses and considering the documentary evidence in the record, the OWC made the following findings concerning whether Mr. Pitre sustained a compensable work-related accident:
[W]hat we have here is we have a simple, hard-working man. He’s worked oysters and boats all of his life. He does have a limited education. I mean, he said so on the stand. And so taking that into consideration as to identifying a specific time and event, I’m going to say: Yes, [an] incident and an accident occurred.
*821 [[Image here]]
So as to not having a specific date and time, I understand, especially with Mr. Pitre saying he doesn’t write very well. He has limited reading. He’s not going to keep notes. I mean, he’s not writing things down. He’s not keeping a journal.
Also, his wife testified that she mentioned on numerous occasions to her father that an accident happened and to her sister, Shantele.
I thought Shantele was credible. She said, ‘Yeah, I remember Mr. Pitre talking to Toby in the front office. And I heard him talk about it.”
So we have corroboration that, yes, an incident occurred with the back and with lifting the oysters. And, yes, there was an injury to the back.
Following an exhaustive review of the record and exhibits in this matter, we are unable to say the OWC erred in determining that Mr. Pitre sustained a work-related accident as defined by LSA-R.S. 23:1021(1). The OWC made a specific finding that there was corroboration in the record and that Shantele’s testimony was credible. This type of credibility determination is not to be second-guessed at the appellate level. The OWC’s ruling is reasonable and supported by the record.
^PRESCRIPTION ISSUE
Buddy’s Seafood next contends that Mr. Pitre’s claim is barred by prescription. Louisiana Revised Statutes 23:1209 addresses the prescriptive period for workers’ compensation claims, providing in relevant part:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in ... this Chapter.... [W]hen the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
[[Image here]]
C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter.
Ordinarily, the party pleading the exception of prescription bears the burden of proving the claim has prescribed. Hogg v. Chevron USA, Inc., 09-2632, p. 7 (La.7/6/10), 45 So.3d 991, 998. Thus, unless prescription is evident from the face of the pleadings, the party raising the plea of prescription bears the burden of proof. King v. Phelps Dunbar, LLP., 98-1805, p. 9 (La.6/4/99), 743 So.2d 181, 188; Guillot v. LECC-Baton Rouge Inc., 05-2537, p. 5 (La.App. 1 Cir. 12/28/06), 952 So.2d 42, 44. Moreover, the ordinary rule of the burden of proof is that one who claims the benefit of an exception to the general law must show he comes within the exception. Houston General Ins. Co. v. Commercial Union Ins. Co., 612 So.2d 787, 789 (La.App. 1 Cir.1992), writ denied, 614 So.2d 82 (La.1993).
One exception to the general rule is when an employee suffers a work-related injury that immediately manifests itself, *822 but only later develops into a disability. Mr. Pitre argues, in essence, that his injury did not fully manifest itself until September 2007 when it became disabling, and therefore, his claim was filed timely. Buddy’s Seafood denies that Mr. Pitre’s condition falls into the exception to the general ^prescription rule, because his injury manifested itself immediately following the accident.
Mr. Pitre’s claim was filed on October 1, 2007. The date of the accident as listed on the claim was November 2006. Thus, on the face of the petition, it had not prescribed, and the burden of proof on the exception was on Buddy’s Seafood.
In order to resolve the prescription issue, it is necessary to determine whether Mr. Pitre’s condition was of a developmental nature. This is a question of fact, which must be determined from the testimony and evidence in the record before us. Boudreaux v. Angelo Iafrate Const., 02-0992, p. 4 (La.App. 1 Cir. 2/14/03), 848 So.2d 8, 7.
Louisiana Revised Statutes 23:1209A provides that an injury not resulting at the time of, or developing immediately after, the accident is a developing injury. Generally speaking, development of the injury actually means development of the disability, and disability marks the time from which it is clear that the employee is no longer able to perform the duties of his or her employment in a satisfactory manner. Swearingen v. Air Products & Chemical, Inc., 481 So.2d 122, 124 (La.1986). The Louisiana Supreme Court has consistently held that an employee who suffers a work-related injury that immediately manifests itself, but only later develops into a disability, has a viable cause of action until one year from the development of the disability, rather than from the first appearance of symptoms or from the first date of treatment. Winford v. Conerly Corp., 04-1278, p. 5 (La.3/11/05), 897 So.2d 560, 564; Sevin v. Schwegmann Giant Supermarkets, Inc., 94-1859, p. 4 (La.4/10/95), 652 So.2d 1323, 1326.
The jurisprudence offers guidelines for establishing when a developing injury has reached the disabling point for purposes of applicability of this exception to the one-year prescriptive period. In the case of the retained employee who continues to work with symptoms that might have been held to be disabling (if litigated), but that did not become manifestly disabling to the employee until he was physically forced to quit his work, the disability does not become manifest or “develop” until that date, because to 19select an earlier date would be dealing in conjecture. Bolden v. Georgia Cas. and Sur. Co., 363 So.2d 419, 421 (La.1978). In cases of this nature, the policy is to encourage rather than penalize an employee who continues working despite a work-related medical condition, which is painful, but not then disabling. Sevin, 652 So.2d at 1326.
At the trial of a peremptory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. LSA-C.C.P. art. 931. Generally, in the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and all allegations thereof are accepted as true. Daisey v. Time Warner, 98-2199, p. 5 (La.App. 1 Cir. 11/5/99), 761 So.2d 564, 567. A review of the record reveals that at the hearing on the peremptory exception, the parties introduced four joint exhibits into the record: Mr. Pitre’s disputed claim for compensation, Mr. Pi-tre’s answers to interrogatories, the deposition of Mr. Pitre, and the deposition of his wife, Tabatha Pitre.
*823 After considering the evidence and the argument of counsel at the hearing on the prescription exception, the OWC determined that Mr. Pitre’s injury constituted a developing injury, which did not develop into a disability until September 2007, and therefore, his claim was not prescribed. As noted by the OWC, Mr. Pitre continued working for Buddy’s Seafood until September 2007, within a month of filing the disputed claim for compensation. The OWC concluded that even taking July 2006 (the earliest date mentioned in the evidence as a possible date of the accident) as the date of injury, Mr. Pitre’s claim was still timely, as he filed within two years of the date of the accident, i.e., July 2006, and within one year of the time the disability developed, i.e., September 2007. Based on our review of the record before us, we cannot say that this finding, which is reasonably supported by the record, was clearly wrong. Accordingly, we are constrained to find no error in the OWC’s finding that Mr. Pitre’s claim was not prescribed.
11flPENALTIES AND ATTORNEY FEES
Buddy’s Seafood also urges that the OWC erred in awarding penalties and attorney fees to Mr. Pitre because it presented reasonable evidence controverting his claim with respect to the occurrence of a work-related accident. Pursuant to LSA-R.S. 28:1201 F, an employer or insurer may be assessed with penalties and attorney fees for “[fjailure to provide payment in accordance with [LSA-R.S. 28:1201] or failure to consent to the employee’s request to select a treating physician or change physicians when such consent is required by [LSA-]R.S. 23:1121.”[1] Under the applicable statutory provisions of Subsection 1201F, penalties and attorney fees are recoverable unless “the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.” LSA-R.S. 23:1201 F(2). A claim is reasonably controverted when the employer has sufficient factual and/or medical information to reasonably counter evidence presented by the claimant. Brown v. Texas-LA Cartage, Inc., 98-1063, p. 9 (La.12/1/98), 721 So.2d 885, 890. A determination of whether an employer has failed to reasonably controvert a claim is a question of fact and is subject to the manifest error standard of review. Atwell v. First General Services, 06-0392, p. 13 (La.App. 1 Cir. 12/28/06), 951 So.2d 348, 357, writ denied, 07-0126 (La.3/16/07), 952 So.2d 699. The decision to impose penalties and attorney fees is essentially a factual issue subject to the manifest error or clearly wrong standard of review. Authement v. Shappert Engineering, 02-1631, p. 12 (La.2/25/03), 840 So.2d 1181, 1188-89.
An employer should not be liable for penalties or attorney fees for taking a close factual or legal question to court for resolution. Brown v. A M Logging, 10-1440, p. 15 (La.App. 1 Cir. 8/4/11), 76 So.3d 486, 496. Although the Workers’ Compensation UAct is to be liberally construed in regard to benefits, penal statutes are to be strictly construed. Id.
The record contains contradictory evidence regarding Mr. Pitre’s claim of *824 sustaining a work-related accident. Mr. Pitre provided different dates as to when the accident occurred. In his claim for compensation, he alleged a “November, 2006” date. However, in response to interrogatories, Mr. Pitre stated he was injured “[ajround the end of August.” When deposed, Mr. Pitre testified that the accident occurred “around the beginning of September to the middle of September, in that area.” At trial, Mr. Pitre testified that the accident occurred around August or September 2006. The record also includes contradictory evidence as to when the accident was reported to his employer. Mr. Pitre testified that he reported the accident that day, but the owner of Buddy’s Seafood testified that he was not notified of a work-related accident until a letter was received from Mr. Pitre’s attorney in September 2007. Based on the evidence presented, we find the OWC was manifestly erroneous in its finding that Buddy’s Seafood had not reasonably controverted Mr. Pitre’s claim for benefits. Buddy’s Seafood’s challenge to Mr. Pitre’s claim was not frivolous and was supported by the record. Accordingly, we conclude that the OWC erred in imposing penalties and attorney fees against Buddy’s Seafood pursuant to LSA-R.S. 23:1201 F, and we reverse that portion of the judgment.
ANSWER TO APPEAL
As the sole assignment of error in his appeal, Mr. Pitre seeks an increase in attorney fees for defending against this appeal. This court has held that such an increase is appropriate when the employer appeals, obtains no relief, and the appeal has necessitated additional work for claimant’s counsel, provided the claimant properly requests the increase. Atwell, 06-0392 at p. 15, 951 So.2d at 358. Considering that Buddy’s Seafood has been partially successful on appeal, we decline to award additional attorney fees.
| ^CONCLUSION
For the above and foregoing reasons, we reverse that portion of the December 6, 2011 judgment that awarded penalties and attorney fees in favor of Mr. Pitre and against Buddy’s Seafood. In all other respects, we affirm the December 6, 2011 judgment. Costs of this appeal shall be assessed equally between the parties.
JUDGMENT REVERSED IN PART AND AFFIRMED IN PART.
PETTIGREW, J., concurs in part and dissents in part and assigns reasons.
GUIDRY, J., concurs in the result.

. Louisiana Revised Statutes 23:1121 provides, in relevant part, as follows:
B. (1) The employee shall have the right to select one treating physician in any field or specialty.... After his initial choice the employee shall obtain prior consent from the employer or his workers’ compensation carrier for a change of treating physician within that same field or specialty. The employee, however, is not required to obtain approval for change to a treating physician in another field or specialty.