ROBERTA. CHAISSON, Judge.
| aThis is an appeal by defendant, Blake’s Bar, from a judgment awarding workers’ compensation benefits to plaintiff, George Bailey. For the following reasons, we sustain defendant’s peremptory exception of prescription, and dismiss the matter with prejudice.
FACTS AND PROCEDURAL HISTORY
Mr. Bailey was working two jobs at the time of the accident at issue. His regular job was as a laborer with Pipe Works Plumbing; his part time job was working two nights per week as a “bar-back” at Blake’s Bar. Both of these businesses were owned by the same person, but were separate entities. Sometime during either the late evening of July 22, or the early morning of July 23, 2009, Mr. Bailey was injured when an ice cooler weighing approximately 50 pounds rolled over his left foot.
On the afternoon of July 23, 2009, Mr. Bailey was treated at the Ochsner Medical Center for his foot injury. X-rays of his left foot and ankle were both negative. The diagnosis was contusion of the left foot with musculoskeletal pain. |sHe was discharged “in good condition to go home” with instructions to elevate the foot and apply cool compresses. He was also given crutches and a “cast shoe” which he was instructed to use for five days. He was told to avoid work for five days and was issued a note to that effect for his employer. Vicodin was prescribed for pain.
Mr. Bailey testified that he returned to his job with Pipe Works after five days, and was able to operate a piece of machinery with the “cast shoe.” He further testified that after a day or two, when he had to get on the ground and in trenches being dug for pipe, he could not perform with the “cast shoe.” He left that job on July 30, 2009, and has not worked regularly since. He never returned to any employment with Blake’s Bar after the injury to his foot.
Mr. Bailey filed a claim with the Office of Workers’ Compensation (OWC) against Blake’s Bar on July 27, 2010, over one year after the incident of July 22-23, 2009. The employer urged an exception of prescription, arguing that Mr. Bailey had one year within which to file his claim pursuant to La. R.S. 23:1209(A)(3). The exception was overruled by the OWC judge, who found that the claimant “became disabled again on July 30, 2009.” Various benefits were awarded, and this appeal followed.
LAW AND ANALYSIS
The statute at issue, La. R.S. 23:1209(A)(3), provides in pertinent part that “[w]hen the injury does not result at the time of or develop immediately after the accident, the [one-year prescriptive] limitation shall not take effect until the expiration of one year from the time the injury develops.... ” In the present case, there is no question that the injury resulted at the time of the incident with the ice *1237 chest. Mr. Bailey went to the emergency room for treatment on the evening of July 23, 2009, and was taken off of work for five days because of the injury. He 14was thus on notice that he had received a disabling injury in the workplace on July 23, 2009, and would have been entitled to benefits for that injury had he timely applied for them. Because the injury resulted and developed immediately after the accident, the prescriptive period began on July 23, 2009, and the claim prescribed on July 23, 2010, prior to the filing of the present claim. In this circumstance, the OWC judge erred in overruling the exception of prescription.
Claimant argues to the contrary that the jurisprudence interpreting the “developing injury rule” has been to the effect that when a claimant returns to work after an injury and then discovers that the injury prohibits him from fulfilling the requirements of the job, it is from the later date that prescription begins to run, citing, inter alia, Sevin v. Schwegmann Giant Supermarkets, 94-1859 (La.4/10/95), 652 So.2d 1323. In that case, the court explained that where an employee “suffers a work related injury that immediately manifests itself, but only later develops into a disability,” the one-year prescriptive period begins from the development of the disabling injury.
In the present case, the disabling condition manifested itself on the day of the accident when the treating physician ordered Mr. Bailey off of work for five days because of the injury. Although workers’ compensation statutes are to be liberally construed in favor of the worker, courts must nonetheless give force to the laws as written. Sevin v. Schwegmann Giant Supermarkets, supra. In the present case, there is no ambiguity or uncertainty as to when the condition resulting from the accident was deemed disabling. Therefore, prescription began to run on July 23, 2009, and the claim filed after July 23, 2010, has clearly prescribed,
1 ¡¡CONCLUSION
For the foregoing reasons, the judgment denying the exception of prescription is set aside, and judgment is entered sustaining the exception of prescription and dismissing the matter against Blake’s Bar, with prejudice.

REVERSED AND RENDERED